In re SCOTT.

(District Court, W. D. Pennsylvania. February 14, 1899.)

No. 94.

1. BANKRUPTCY—EXAMINATION OF BANKRUPT—PRIVILEGE AGAINST SELF-CRIMINATING EVIDENCE.

Where a person against whom indictments are pending in a state court is adjudged bankrupt on an involuntary petition, and brought before the referee in bankruptcy for examination, he cannot be compelled to answer any questions propounded on such examination, where his answers would tend to criminate him on the trial of the pending indictments.

2. SAME.

Although Bankruptcy Act 1898, § 7, relating to the examination of a bankrupt, provides that "no testimony given by him shall be offered in evidence against him in any criminal proceeding," yet a bankrupt, on such

examination, cannot be compelled to answer any question which would tend to criminate him on the trial of a pending indictment against him in a state court; for the statutory provision is not so broad as the constitutional privilege against self-criminating evidence.

**8. SAME.**
Where a bankrupt, against whom indictments were pending in a state court, was brought before the referee in bankruptcy for examination under Bankruptcy Act 1898, § 7, and the referee tendered him an oath embodying those matters concerning which bankrupts are directed to be examined by said section, but the bankrupt refused to take such oath unless there was added thereto a reservation of his right to claim privilege against any questions that might arise upon the examination, *held*, that his constitutional privilege did not exempt him from being sworn, that such reservation was unnecessary, and that he must take the oath as prescribed by the referee.

In Bankruptcy.   On certificate of referee in bankruptcy.

A. Y. Smith, Cassidy & Richardson, William Kaufman, William C. Gill, Magnus Pflaum, W. A. Blakely, and Way, Walker & Morris, for creditors.

J. S. & E. G. Ferguson, for bankrupt.

BUFFINGTON, District Judge.   One J. McD. Scott was committed to jail by the court of common pleas of Allegheny county on a bench warrant proceeding based on an alleged fraudulent contracting of a debt.   He was by said court also held for trial for fraudulent insolvency.   Subsequent to that court assuming jurisdiction in the premises, a petition in involuntary bankruptcy was filed against him in this court, he was adjudged a bankrupt, and the cause referred to Referee Blair.   On a writ of habeas corpus ad testificandum Scott was brought before the referee for examination.   He declined to take the oath in the form prescribed by such referee, and, when subsequently sworn in the form suggested by his counsel, declined to answer certain questions.   Such refusal was based on the ground that his answers thereto would tend to criminate him on trial of the criminal charges now pending.   The question arising from these facts are certified by the referee to this court for its opinion.

That the proposed questions would tend to criminate the witness is asserted by reputable and competent counsel who represent him in the criminal charge.   The court being of like opinion, the question before us is whether, on an examination of an involuntary bankrupt before a referee, he can be compelled to disclose facts which tend to criminate him on a pending criminal charge.   The fifth amendment to the federal constitution provides that "no person * * * shall be compelled, in any criminal case, to be a witness against himself," and in Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, it was held that this provision was not confined to a criminal case against the party, but its object was to insure that one should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show he had committed a crime.   "It is impossible," says the court, "that the meaning of the constitutional provision can only be that a person shall not be compelled to be a witness against himself.   It would doubtless cover such cases, but is not limited to them.   The object was to insure that a person shall not be compelled, when acting as a witness in any investigation, to give

testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard." It is true that section 7 of the present bankrupt law provides, "But no testimony given by him shall be offered in evidence in any criminal proceeding," but such provision is not the equivalent of the constitutional safeguard. The testimony thus forced from a witness may disclose information by means of which other proof against him may be secured, and he thus be compelled, in effect, to furnish evidence to convict himself. Of the scope of a statute affording immunity to a self-incriminating witness the court in the case cited above say:

"We are clearly of opinion that no statute which leaves the party or witness subject to prosecution after he answers the criminating question put to him can have the effect of supplanting the privilege conferred by the constitution of the United States. * * * In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates."

Clearly, the cited provision of the present law is below the standard here indicated, and is much more restricted than the broad immunity provision of the interstate commerce law, which, while it was held by the circuit court of this circuit (Brown v. Walker, 70 Fed. 46) a complete substitute for the constitutional provision, was so adjudged by a bare majority of the supreme court of the United States in 161 U. S. 591, 16 Sup. Ct. 644. The fact that an English witness in a bankruptcy proceeding had not the protection of such a constitutional right renders the English decisions cited inapplicable to the case of the present witness, who has a right in a bankruptcy examination to plant himself on the express constitutional exemption. The refusal of the witness to take the oath prescribed by the referee was, in our judgment, unwarranted. That oath embodied only matters concerning which the bankrupt is, by section 7, directed to be examined. To this oath the witness declined to be sworn unless there was added the proviso, "Reserving, however, the right to claim any lawful privilege as against or in relation to any question which may arise upon any examination." Such proviso was unnecessary. The mere administering of an oath cannot deprive a witness of any lawful privilege he has. Non constat that he will be asked any question calling for exercise of this privilege. If such necessity arises, the mere fact that he was previously sworn will not estop or prevent him from demanding the protection guarantied him by the constitution. The certificate will therefore be returned to the referee, with instructions that the witness is not bound to answer the incriminating questions, but was bound to take the oath submitted by the referee. To which action of the court counsel for the trustee excepts, and at his request an exception is noted.