### In re SHERA.

(District Court, S. D. New York. February 19, 1902.)

BANKRUPTCY—RIGHT OF BANKRUPT TO REFUSE TO ANSWER INCRIMINATING QUESTIONS.

A bankrupt, on his examination, cannot be compelled to answer questions, over his claim of privilege on the ground that the answers would tend to incriminate him, where the situation is such as seems to put him in hazard.

In Bankruptcy. On review of ruling of referee.

Hayes & Hershfield, for trustee.
Myers, Goldsmith & Bronner, for creditor.
McCurdy & Gard, for bankrupt.

ADAMS, District Judge.   This matter came before me in January upon a petition to review the ruling of the referee sustaining the claim of the bankrupt of a right to refuse to answer certain questions.   At the time of that examination, objections were interposed by counsel for the bankrupt, to the effect that the answers would tend to incriminate the witness.   The objections were sustained.   I then held that the refusal to answer questions on such ground was a privilege personal to the witness, who might wish to answer, and counsel could not be heard to object to the evidence.   Abb. Tr. Ev. 783; 1 Greenl. Ev. § 469d.   The matter was then remitted to the referee.   Another examination has been had, and the witness therein declined to answer similar questions, upon the same ground, and the referee sustained his claim.   The trustee has petitioned for a review of this ruling.   The question involved has been answered in this district in favor of the bankrupt by Judge Brown in Re Feldstein, 4 Am. Bankr. R. 321, 103 Fed. 269.   But my attention has been called to the cases of In re Franklin Syndicate, 4 Am. Bankr. R. 511, 114 Fed. 205, and Mackel v. Rochester, 4 Am. Bankr. R. 1, 42 C. C. A. 427, 102 Fed. 314, which apparently take a contrary view.   In the former, however, I do not think that the decision of Judge Thomas is inconsistent with the view that the bankrupt can avail himself of the privilege when the situation is such as seems to put him in any hazard.   I cannot follow Mackel v. Rochester, as it appears to me that it is not in accord with Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, which holds, in substance, that an immunity similar to that which the bankruptcy act purports to afford is not sufficient to protect the witness in his constitutional privilege.

The ruling of the referee is sustained.