In re LEVIN.

(District Court, S. D. New York. February, 1904.)

1. BANKRUPTCY—EXAMINATION OF BANKRUPT—PRIVILEGE—CRIMINATING QUESTIONS.

Where a bankrupt was under indictment at the time he was examined before the referee, and was asked as to the accuracy of a creditor's proof of claim, to identify his signatures to certain notes filed by another creditor, whether he knew a third creditor, and whether he was a salesman in the bankrupt's employ, and to identify his checkbook, after testifying that he could tell whether or not a claim had been paid by reference to his checks, the answers to such questions could not by any possibility incriminate him, and hence he was not entitled to refuse to answer on the ground that his answers might so tend.

In Bankruptcy. On certificate of referee.

The following is the opinion of Dexter, Referee:

I, Stanley W. Dexter, one of the referees of said court in bankruptcy, do hereby certify that, in the course of the hearing of said cause before me, the following questions arose, pertinent to the said proceeding, as appears in the copy of the stenographer's record herewith submitted:

(1) The witness declined to answer a question as to the accuracy of the proof of claim of the Consolidated Gas Company for $4.30; stating that he declined to answer—adopting the suggestion of his attorney—on the ground that the answer might tend to incriminate or degrade him. His attorney objected on the ground that the bankrupt was under indictment, and is defendant in several criminal proceedings, and that he need not testify in this proceeding, upon the ground that it would tend to incriminate him. I directed the witness to answer, and he refused.

(2) The witness' attention was called to the claim of Hyman Schlesinger for $850, based on promissory notes, and he was asked to look at the notes and state whether or not the signatures to the notes were his signatures. He declined to answer upon the ground that it would tend to degrade or incriminate him. I directed the witness to answer, and he still refused to answer.

(3) The witness was asked to look at the claim of Abram A. Klasky, and was asked whether he knew Klasky, and refused to answer upon the same grounds. He also refused to answer the question whether or not Klasky was a salesman in his employ. I directed him to answer, and he declined upon the same ground.

(4) In the first part of the examination of the witness, the witness was shown proof of claim filed by Stern Bros., of West Twenty-Third street, for $276.61. He examined the claim, and stated that he knew he was indebted to Stern Bros., but could not state the amount. He believed, however, that one bill was paid, but could not tell which bill, except by reference to the checks in his trunk, which was then in the possession of the trustee. Subsequently the checkbook was handed to him, and he was asked to identify the checkbook, and refused to do so, although directed so to do by me.

(5) Before the bankrupt raised any question of privilege, his counsel objected to his testifying in the proceeding at all, on the ground that the bankrupt was under indictment, and that any answers given in this proceeding might tend to degrade or incriminate him. The bankrupt adopted the suggestion of his counsel, although he stated that he did not know whether or not it would tend to incriminate him.

(6) The bankrupt was asked the following question: "Q. Mr. Levin, are you prepared to say that the answer to any of the questions that have been asked

you will tend to degrade or incriminate you?" and the witness said, "I decline to answer that." I directed him to answer, and he refused.

And the said questions are certified to the judge for his opinion thereof, with the recommendation that the bankrupt be punished and be committed for contempt of court.

Julius Henry Cohen, for the motion.

Leonard Bronner, opposed.

HOLT, District Judge. As I understand the rule, if the question is of such a description that the answer may or may not criminate the witness, he can refuse to answer (Judge Marshall's opinion on Burr's trial, 25 Fed. Cas. 39); but if the court is convinced that the answer to the question cannot by any possibility criminate him, and especially if the witness does not swear that he believes that it would, it is the duty of the court to compel him to answer. Otherwise every bankrupt can absolutely refuse to be examined at all. I think that each of the questions put could not by any possibility call for answers which would criminate the bankrupt. Referee's rulings affirmed.

Motion to punish for contempt granted, unless the bankrupt answers the questions before the referee at a meeting to be fixed by the referee.