## In re HOOKS SMELTING CO.

(District Court, E. D. Pennsylvania. June 19, 1905.)

### No. 1,995.

1. BANKRUPTCY—EXAMINATION OF OFFICER OF BANKRUPT CORPORATION.

The president and treasurer of a bankrupt corporation, on his examination before the referee, may properly be required to make known to the trustee the combination of a safe owned by the corporation and alleged to contain assets.

2. SAME—CLAIM OF PRIVILEGE.

Where an officer of a bankrupt corporation is under indictment in a state court for embezzlement of funds of the corporation, he cannot be required, on his examination before the referee, over his claim of privi-

lege, to state whether or not he appropriated certain money of the corporation to his own use, but he may be required to state whether or not he has in his possession or under his control any property belonging to the bankrupt estate.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 1026–1037.]

In Bankruptcy. On certificate from referee.

Henry J. Scott, for trustee.
William H. Peace, for William S. Tryon.

HOLLAND, District Judge. A certificate was filed in this court on May 11, 1905, by the referee, wherein he reports that several orders were made against William S. Tryon with which he refuses to comply:

(1) On March 23, 1905, William S. Tryon, president and treasurer of the bankrupt company, was directed to make known to the trustee the combination of a safe alleged to belong to the bankrupt company at the time the petition was filed. It is alleged that the safe contains assets belonging to the estate, and the trustee should be permitted to examine the contents of the safe for the purpose of ascertaining the truth of this allegation. There is therefore no reason why the witness should not, upon examination before the referee, inform the trustee of the combination, and William S. Tryon is directed to comply with this order by appearing before the referee and stating, upon examination, the combination of the safe.

(2) The referee's finding in favor of the validity of the claim of $103.50, of Robert J. Ruby, an expert accountant, and the bill of Mrs. Anna B. Elliott for $45, is approved.

(3) The report of the accountant, Robert J. Ruby, was called for by counsel for William S. Tryon, during the examination of Mr. Ruby, when he was testifying in support of his claim of $103.50. The referee refused to make an order on the trustee to produce it, and thereupon Mr. Peace, attorney for Tryon, requested that the matter be certified. There is nothing to show the purpose for which the report was wanted, nor why the referee refused to make the order. It might or might not be important in considering the question of Mr. Ruby's claim. There is not sufficient information upon which an order can be made by the court.

(4) During the examination of William S. Tryon on March 21, 1905, he was asked certain questions, which he refused to answer, upon the ground that his answers would tend to incriminate him, inasmuch as he was under a criminal charge of embezzling the funds of the Hooks Smelting Company. It appears that Mr. Tryon was the president and treasurer of the bankrupt company, and he has been indicted for embezzling its funds during the time he occupied these official positions. The indictments are pending in the Philadelphia court. At the examination on the above date, questions were propounded to him to ascertain (1) whether he had taken any part of a certain $40,000 belonging to the bankrupt company and appropriated it to his own use, and (2) whether he now

had in his possession or control any property belonging to the bankrupt estate. The questions directed to the witness for the purpose of ascertaining this information extended over more than 50 pages, and need not be repeated here. As to the first, one of the questions asked was as follows: The witness having stated that $40,000 had been borrowed on mortgage by this company, and that part has been used in a certain purchase, he was asked, "How much of it did you take?" This question he refused to answer, upon the ground that it might incriminate him. In view of the fact that indictments for the taking of this money from the company are pending against him, he cannot be compelled to answer this question if its answer would incriminate him, and the referee was therefore in error in directing him to answer it. But as to the other questions, directed to the ascertainment of the fact as to whether he now has any property in his possession or control belonging to the bankrupt, he is directed to answer. He can state the fact, and, if he has such property, it is his duty to turn the same over to the trustee. We do not see how this could incriminate the witness by informing the trustee as to whether or not he possessed property belonging to the bankrupt.

(5) William S. Tryon and Albert Cempini were ordered to appear before the referee for further examination. The bankrupt act authorizes the referee to make such an order, and they are directed to comply with this order upon receipt of notice from the referee fixing the date for their further examination.