### In re TOBIAS, GREENTHAL & MENDELSON.

#### Ex parte MORRIS.

#### (District Court, S. D. New York. March, 1914.)

1. BANKRUPTCY (§ 242*) — EXAMINATION OF BANKRUPT — PRIVILEGE — SELF-CRIMINATION.

   While a bankrupt is privileged against self-crimination, the privilege merely extends to a suppression, and not to a perversion, of the truth, and can only be exercised after a showing of reasonable ground to suppose that answers to questions put to him would be liable to incriminate him.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 399–401; Dec. Dig. § 242.*]

2. BANKRUPTCY (§ 242*) — CROSS-EXAMINATION OF BANKRUPT.

   Where a bankrupt has filed schedules, he thereby asserts that he has no property other than that specified in the schedules, which is a statement of fact concerning which he cannot object to legitimate cross-examination, so long as it opens the way to no independent fact, on the ground that such cross-examination is liable to incriminate him.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 399–401; Dec. Dig. § 242.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Tobias, Greenthal & Mendelson. On motion of Robert C. Morris, receiver, to compel the bankrupt to answer questions on an examination under Bankr. Act, § 21a. Motion granted.

The proceedings were involuntary, but they had gone to adjudication, and the bankrupt had filed his schedules, containing, of course, a statement of his liabilities and of his property. On the examination he declined to answer any questions on the ground that they would incriminate him.

---

James N. Rosenberg, of New York City, for petitioner.
Ralph Wolf, of New York City, for bankrupt.

HAND, District Judge. [1] That a bankrupt has a privilege against self-crimination is settled in this district. Re Feldstein (D. C. N. Y.) 4 Am. Bankr. Rep. 321, 103 Fed. 260; Re Kanter & Cohen (D. C. N. Y.) 9 Am. Bankr. Rep. 104, 117 Fed. 356. Section 7 (9) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]) could be drawn to toll the privilege under Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819; but as it stands I think Counselman v. Hitchcock, 142 U. S. 562, 12 Sup. Ct. 195, 35 L. Ed. 1110, controls. Mackel v. Rochester (C. C. A. 9th Cir.) 4 Am. Bankr. Rep. 1, 102 Fed. 314, 42 C. C. A. 427, not being authoritative, I shall not follow it, for the reasons given in Re Walsh (D. C. S. D.) 4 Am. Bankr. Rep. 693, 104 Fed. 518.

[2] However, the privilege is to suppress, not to pervert, the truth; and when a bankrupt once files his schedules, he asserts, not only that he has the property mentioned, but that he has no more. Johnson v. United States (C. C. A. 1st Cir.) 20 Am. Bankr. Rep. 724, 163 Fed. 30, 89 C. C. A. 508, 18 L. R. A. (N. S.) 1194. That is a statement of fact as much as any other, and it should subject him to all legitimate cross-examination (Wigmore, § 2276), so long as it opens the way to no independent fact (Evans v. O'Connor, 174 Mass. 287, 54 N. E. 557, 75 Am. St. Rep. 316; Low v. Mitchell, 18 Me. 372). Such, at least, is the American rule. It is as if the bankrupt had sworn on the examination itself: "I have no property except Whiteacre." He could not stop the inquiry with that answer, but would be open to further search designed to test the truth.

United States v. Goldstein (D. C. Va.) 12 Am. Bankr. Rep. 755, 132 Fed. 789, is an opposite ruling, but not authoritative; nor, of course, is Re Henschel (D. C. N. Y.) 7 Am. Bankr. Rep. 207, the ruling of a referee. Schedules, it is true, are not testimony. Ensign v. Pennsylvania, 227 U. S. 592, 30 Am. Bankr. Rep. 408, 33 Sup. Ct. 321, 57 L. Ed. 658. They are rather in the nature of a pleading (Johnson v. United States, supra), but that makes no difference. Sworn allegations in a pleading are as much within the reason of the rule as testimony. They are assertions of fact propounded as true, and intended to be the basis of the court's action.

Moreover, the mere claim of privilege is not enough. Podolin v. Lesher Warner D. G. Co. (C. C. A. 3d Cir.) 31 Am. Bankr. Rep. 796, 210 Fed. 97. There must be some basis for the supposed fear, or the court will overrule it. No ground appears here which justifies the bankrupt's assertion of his claim. Even if there was any danger from the disclosure of his "personal outside means," he has stated his assets in his schedules, and he has waived his right as to that. As to the rest, he shows no ground at the present time to suppose that he will be incriminated by answering the other questions. At least, he must indicate what he fears the inquiry may discover, and how the answers might lead to exposure. He must, moreover, submit to full cross-examination as to his property. I think the matter had best be taken up at the first meeting of creditors before the referee upon the lines above indicated.