McCARTHY, UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF NEW YORK *v.* ARNDSTEIN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 404, October Term, 1922. Petition for rehearing granted October 15, 1923; rearguod November 27, 1923.—Decided October 20, 1924.

1. The right to examine the bankrupt in a bankruptcy proceeding, for the purpose of obtaining possession of property belonging to his estate, rests wholly upon § 21a of the Bankruptcy Act. P. 39.
2. That section, prescribing no rules for the examination, impliedly adopts the general rules governing admissibility of evidence and competency and compellability of witnesses; it indicates no intention to take from any witness the privilege against self-incrimination, and makes clear the purpose not to differentiate between the bankrupt and other witnesses, nor between examinations relating to property from those relating to his acts or conduct. *Id.*
3. The constitutional privilege against self-incrimination applies to civil proceedings; and, in this country, whatever the rule in Eng-

land, it may, in the absence of any statute affording him complete immunity, be asserted by a bankrupt when being examined concerning his estate under § 21a of the Bankruptcy Act. Pp. 40, 42.

4. Decisions requiring bankrupts to surrender books and papers though containing incriminating evidence, rest on the substantive obligation of bankrupts to surrender them as property; the constitutional privilege against self-incrimination relates to the adjective law. P. 41.

Judgment reaffirmed.

APPEAL from a judgment of the District Court in *habeas corpus*, discharging Arndstein from custody under a commitment for contempt based on his refusal to answer questions propounded on his examination as a bankrupt. The judgment was affirmed in *McCarthy* v. *Arndstein*, 262 U. S. 355. The present decision is upon a rehearing.

*Mr. Selden Bacon* for the National Surety Company.

At the common law, the privilege not to answer on the ground that the answer would tend to incriminate the witness did not extend to permitting a bankrupt to refuse to discover his estate and effects or the particulars relating to them, even though that information might tend to incriminate him. *Ex parte Cossens,* Buck's Cases, 531; *Ex parte Meymot,* 1 Atk. 196; Green, Spirit of the Bankrupt Law, ed. 1777, p. 202, note e.

The privilege does not extend to cases of making general reports as to conduct or property which one is required to make. *Ex parte Cossens, supra; St. Joseph* v. *Levin,* 128 Mo. 588; *Aston* v. *State,* 27 Tex. Civ. App. 574; *Baltimore & Ohio R. R. Co.* v. *Interstate Commerce Comm.,* 221 U. S. 612; *Harrigan* v. *Gilchrist,* 121 Wis. 127; *Matter of Strouse,* 1 Sawy. 605.

The protection afforded by the Fifth Amendment does not extend to examination in civil proceedings, but is expressly confined to examination in criminal cases. In civil cases the witness must answer. And a bankruptcy

is a civil proceeding and not a criminal case. *Low. Foon Yin* v. *Immigration Commissioner,* 145 Fed. 791; *Tom Wah* v. *United States,* 163 Fed. 1008; *In re Strouse,* 1 Sawy. 605; *United States* v. *3 Tons of Coal,* 6 Biss. 379; *United States* v. *Distillery No. 28,* 6 Biss. 483; *In re Chadwick,* Fed. Cas. No. 2,570; *Boyd* v. *United States,* 116 U. S. 616; *Counselman* v. *Hitchcock,* 142 U. S. 562; *Lees* v. *United States,* 150 U. S. 476; *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418; *Adams* v. *New York,* 192 U. S. 585; *Johnson* v. *United States,* 228 U. S. 457.

The provision of the Bankruptcy Act for examination of the bankrupt is not limited by the Fifth Amendment. *Boyd* v. *United States, supra; Matter of Harris,* 164 Fed. 292; s. c. 221 U. S. 274; *Johnson* v. *United States, supra; Ex parte Fuller,* 262 U. S. 91; *Dier* v. *Banton,* 262 U. S. 147.

The Fifth Amendment protects a witness from testifying against himself only where his testimony will incriminate him of an offense against the federal law. *Hale* v. *Henkel,* 201 U. S. 43; *Brown* v. *Walker,* 161 U. S. 591; *Nelson* v. *United States,* 201 U. S. 92; *Jack* v. *Kansas* 199 U. S. 372; *Ensign* v. *Pennsylvania,* 227 U. S. 592.

The possible federal prosecution suggested is one under the Bankruptcy Act for concealing assets. A rule that bankrupts may refuse to disclose their concealed assets because it is a crime to conceal them would encourage and assist concealments. *Johnson* v. *United States,* 163 Fed. 30; *United States* v. *Rhodes,* 212 Fed. 513; *Glickstein* v. *United States,* 222 U. S. 139; *Cameron* v. *United States,* 231 U. S. 710; *Edelstein* v. *United States,* 149 Fed. 636; *In re Kaplan Bros.,* 213 Fed. 753; *United States* v. *Coyle,* 229 Fed. 256.

The provisions of the Bankruptcy Act override any rule of mere common law not included in the terms of the Fifth Amendment, exempting the bankrupt from answering questions on the ground that the answers might in-

criminate him. *Matter of Harris, supra; Boyd* v. *United States, supra;* Bankruptcy Act, § 7 (9).

The objections of the appellee to the order of commitment are not such as can be raised on writ of *habeas corpus,* but only by way of appeal. *Ex parte Rowland,* 104 U. S. 604; *Ex parte Fisk,* 113 U. S. 713; *In re Ayers,* 123 U. S. 443; *Matter of Gregory,* 219 U. S. 210; *United States* v. *Pridgeon,* 153 U. S. 48; *In re Swan,* 150 U. S. 637; *Hale* v. *Henkel,* 201 U. S. 43; *In re Rogers,* 129 Cal. 468; *Ex parte Davis,* 112 Fed. 139.

In any case where the requirement that the bankrupt answer is or may have been based on a ruling that the claim of constitutional exemption is not made in good faith, the question of the propriety of that ruling cannot be raised on *habeas corpus,* but is peculiarly a subject for review on appeal.

Where a claim of error in the decision on a question of fact enters into the application for discharge, the commitment cannot be reviewed on *habeas corpus.* And the petitioner for the writ has the burden of showing affirmatively that no such decision on the facts was involved. *Cuddy, Petitioner,* 131 U. S. 280; *United States* v. *Pridgeon,* 153 U. S. 48; *McGorray* v. *Sutter,* 80 Oh. St. 400.

The privilege of not answering is not extended to one who invokes it in bad faith as a mere subterfuge to avoid answering. *McGorray* v. *Sutter, supra; Ford* v. *State,* 29 Ind. 541; *In re Cappeau,* 198 App. Div. 357; *Lockett* v. *State,* 145 Ark. 415; *Janvrin* v. *Scammon,* 29 N. H. 280; *Chamberlain* v. *Willson,* 12 Vt. 491; *Edmonston* v. *Commonwealth,* 110 Va. 897; *McCarthy* v. *Arndstein,* 262 U. S. 355, 360.

When a witness has testified generally on a subject, he is bound to answer fully and completely on further examination as to any and all details of the subject concerning which he has testified generally. He cannot give a half truth by a general statement and refuse to go on

and clear up the matter to which he has directly testified. *Fitzpatrick* v. *United States,* 178 U. S. 304; *Sawyer* v. *United States,* 202 U. S. 150; *Powers* v. *United States,* 223 U. S. 303; *Caminetti* v. *United States,* 242 U. S. 470; *Reagan* v. *United States,* 157 U. S. 301; *Spies* v. *Illinois,* 123 U. S. 131; *United States* v. *Mullaney,* 32 Fed. 370; *United States* v. *Oppenheim,* 228 Fed. 220; *State* v. *Wentworth,* 65 Me. 234; *State* v. *Foster,* 23 N. H. 348.

*Mr. Solicitor General Beck, Mr. Saul S. Myers* and *Mr. Walter H. Pollak,* Special Assistants to the Attorney General, for appellant; and *Mr. Lindley M. Garrison,* for the American Surety Company, submitted on the same brief with *Mr. Bacon.*

*Mr. William J. Fallon,* for appellee, submitted.

*Mr. W. Randolph Montgomery,* by leave of court, filed a brief on behalf of the National Association of Credit Men, as *amicus curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In 1920, Arndstein was adjudged an involuntary bankrupt in the Southern District of New York. Pursuant to a subpoena, he appeared before a special commissioner for examination as to his assets under § 21a of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, 552, as amended; was sworn as a witness; and freely answered some questions. Others he refused to answer on the ground that to do so might tend to incriminate him. Having persisted in this refusal, after the District Judge ordered him to answer, Arndstein was committed for contempt. He did not appeal from the order or file a petition to revise. Instead, he applied to another judge sitting in the same court for a writ of *habeas corpus.* The petition was denied on the ground that the bankrupt had

waived his privilege by complying without objection to the order that he file a schedule of his assets.[1] The judgment denying the writ was reversed by this Court; but the mandate required merely that the lower court issue the writ and then proceed as usual. *Arndstein* v. *McCarthy,* 254 U. S. 71 and 379.

Thereupon, the District Court issued the writ of *habeas corpus.* The marshal made a return which included a transcript of the entire proceedings. The court held that, despite certain oral answers given, the bankrupt was entitled to cease disclosure. The judgment, which discharged the bankrupt from custody, was affirmed by this Court. *McCarthy* v. *Arndstein,* 262 U. S. 355, 357–8. The case is now before us on rehearing, granted in order to permit argument of the proposition, not presented by counsel before, that the privilege against self-incrimination does not extend to an examination of the bankrupt made for the purpose of obtaining possession of property belonging to his estate. 263 U. S. 676.

The right to examine the bankrupt, here in question, rests wholly on § 21a. This section provides that the court may " require any designated person, including the bankrupt and his wife, to appear in court . . . to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration. . . ." The subject matter of the examination is thus specifically prescribed by the act. There is no provision prescribing the rules by which the examination is to be governed. These are, impliedly, the general rules governing the admissibility of evidence and the competency and compellability of witnesses.[2] The section contains no in-

_____

[1] In re *Tobias, Greenthal & Mendelson,* 215 Fed. 815.

[2] See *People's Bank of Buffalo* v. *Brown,* 112 Fed. 652; *In re Pursell,* 114 Fed. 371; *In re Josephson,* 121 Fed. 142; *Brown* v. *Persons,* 122 Fed. 212; *In re Hooks Smelting Co.,* 138 Fed. 954, 956; *In re Ruos,* 159 Fed. 252.

dication of an intention, on the part of Congress, to take from any witness the privilege against self-incrimination. Moreover, the section makes clear the purpose not to differentiate between the bankrupt and other witnesses, nor to differentiate examinations which relate to the property from those which relate to the acts or the conduct of the bankrupt.[3]  This Court has already decided that the privilege was not waived either by the bankrupt's filing the schedule or by his answering orally certain questions.  The contention now is that the privilege against self-incrimination ought to have been disallowed because, under the Constitution, it does not extend to the examination of a bankrupt in a bankruptcy proceeding.

The Government insists, broadly, that the constitutional privilege against self-incrimination does not apply in any civil proceeding.  The contrary must be accepted as settled.  The privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used.  It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it.  The privilege protects a mere witness as fully as it does one who is also a party defendant.  It protects, likewise, the owner of goods which may be forfeited in a penal proceeding.  See *Counselman* v. *Hitchcock,* 142 U. S. 547, 563–4.

---

[3] Substantially the same provision was made in the Act of April 4, 1800, c. 19, §§ 14, 18, 24, 2 Stat. 25, 26, 28; in the Act of August 19, 1841, c. 9, § 4, 5 Stat. 440 (in part); Act of March 2, 1867, c. 176, § 26, 14 Stat. 517, 529.  See also Act of February 5, 1903, c. 487, § 7, 32 Stat. 797, 798.  The purpose may have been, in part, to render the bankrupt and others competent as witnesses.  Compare *Ex parte Haes,* [1902] 1 K. B. 98.  The bankrupt (and many other witnesses) would, under the rules prevailing in the common law court at the time the earlier bankrupt laws were enacted, have been incompetent as witnesses, on the ground of interest, but for such a provision; and the wife would have been incompetent because of her particular relationship.

The Government urges more strongly a narrower contention. It claims that the constitutional privilege does not relieve a bankrupt from the duty to give information which is sought for the purpose of discovering his estate. It asserts that in England such an exception to the common law privilege prevails, and that the exception had been established there prior to the Declaration of Independence.[4] Whatever may be the rule in England, it is clear that in America the constitutional prohibition of compulsory self-incrimination has not been so limited.[5]

The cases which hold that a bankrupt must surrender books and papers, although they contain incriminating evidence, rest upon a principle different from that here involved. *Matter of Harris,* 221 U. S. 274; *Johnson* v. *United States,* 228 U. S. 457; *Ex parte Fuller,* 262 U. S. 91; *Dier* v. *Banton,* 262 U. S. 147. The law requires a bankrupt to surrender his property. The books and papers of a business are a part of the bankrupt estate. § 70 *a*(1). To permit him to retain possession, because surrender might involve disclosure of a crime, would destroy a property right. The constitutional privilege relates to the adjective law. It does not relieve one from compliance with the substantive obligation to surrender property.

---

[4] See *Ex parte Meymot,* 1 Atk. 196, 198, 200; *Ex parte Cossens,* Buck's Cases, 531, 540; *In re Heath,* 2 D. & Ch. 214. The requirement under the English practice referred to is, perhaps, more like the American requirement of the filing of a schedule of assets under § 7a(8), than the submission to examination as a witness provided for in § 21a.

[5] *In re Scott,* 95 Fed. 815; *In re Rosser,* 96 Fed. 305; *In re Franklin Syndicate,* 114 Fed. 205; *United States* v. *Goldstein,* 132 Fed. 789; *In re Bendheim,* 180 Fed. 918; *In re Tobias, Greenthal & Mendelson,* 215 Fed. 815; *In re Naletsky,* 280 Fed. 437. Compare *In re Feldstein,* 103 Fed. 269; *In re Walsh,* 104 Fed. 518; *In re Shera,* 114 Fed. 207; *In re Nachman,* 114 Fed. 995; *In re Levin,* 131 Fed. 388. But see *Mackel* v. *Rochester,* 102 Fed. 314.

Section 21a, on the other hand, deals specifically and solely with the adjective law—with evidence and witnesses. When the bankrupt appears before a commissioner under this section, he comes, like any other person, merely to testify. In that connection he may, like any other witness, assert the constitutional privilege; because the present statute fails to afford complete immunity from a prosecution. If Congress should hereafter conclude that a full disclosure of the bankrupt estate by the witnesses is of greater importance than the possibility of punishing them for some crime in the past, it can, as in other cases, confer the power of unrestricted examination by providing complete immunity. Compare *Brown* v. *Walker,* 161 U. S. 591; *Glickstein* v. *United States,* 222 U. S. 139, 142; *Ensign* v. *Pennsylvania,* 227 U. S. 592.

*Judgment reaffirmed.*