### In re EHLER.

(District Court, E. D. New York. August 26, 1926.)

#### No. 12528.

Bankruptcy ⚖═242(2)—Witness may claim constitutional privilege and refuse to answer question (Bankruptcy Act, § 21a [Comp. St. § 9605]).

A witness in an examination under Bankruptcy Act, § 21a (Comp. St. § 9605), may insist on his constitutional privilege to refuse to answer a question, where the claim is not merely a subterfuge, but may have a real basis.

In Bankruptcy. In the matter of Louise M. Ehler, doing business as Charles W. Ehler, bankrupt. On motion to compel witness to answer certain questions. Denied.

Horace London, of New York City, for Charles W. Ehler, specially.

Edmund L. Mooney, of New York City (Wilber W. Chambers and Hobart S. Weaver, both of New York City, of counsel), for trustee.

CAMPBELL, District Judge. This matter comes before the court on a motion to compel Charles W. Ehler, a witness called in an examination under section 21a of the Bankruptcy Act (Comp. St. § 9605), to answer certain questions certified by the special commissioner, which the witness refused to answer on the ground that to do so might incriminate or degrade him. If it appeared that such refusal was a mere subterfuge, in order to hide assets, I would not hesitate to compel answers to such questions.

The bankrupt is an elderly woman, and it appears to be conceded by all who were before the court that she did not actually conduct the business, but that her son, the witness Charles W. Ehler, had complete charge of the business and conducted all negotiations on her behalf, and that the witness was the person who represented the bankrupt in the dealings with the bank, and that the financial

statements were delivered by him to the bank.

All of the questions which the witness refused to answer had reference to the statements, either directly or indirectly, by inquiry with reference to certain specified assets as of the dates of such statements, and it would appear that, if the witness knew of the actual financial condition of his mother's business on the date of any such statement, or if any of the statements were false in the lists of assets, and such facts were known to the witness, and he with such knowledge delivered the statements to the bank, his objection is a real one. Likewise, if any statement was not signed by the bankrupt, although her name was written at the bottom, and such statement was with knowledge of such fact delivered by the witness to the bank, his objection would have a real basis.

Section 1293-b of the Penal Law of the state of New York (Consol. Laws, c. 40) reads as follows:

*"Obtaining Property or Credit by Use of False Statement.* Any person

"1. Who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is interested, or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the extension of a credit, the discount of an amount receivable," the execution, making or delivery by any person, firm or corporation of any bond or undertaking, "or the making, acceptance, discount, sale or indorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation; or

"2. Who, knowing that a false statement in writing has been made, respecting the financial condition or means or ability to pay, of himself, or such person, firm or corporation in which he is interested, or for whom he is acting, procures, upon the faith thereof, for the benefit either of himself, or of such person, firm or corporation, either or any of the things of benefit mentioned in subdivision one of this section; or

"3. Who, knowing that a statement in writing has been made, respecting the financial condition or means or ability to pay of himself or such person, firm or corporation, in which he is interested, or for whom he is acting, represents on a later day, either orally or in writing, that such statement theretofore made, if then again made on said day, would be then true, when in fact, said statement if then made would be false, and procures upon the faith thereof, for the benefit either of himself or of such person, firm or corporation, either or any of the things of benefit mentioned in subdivision one of this section—

"Shall be guilty of misdemeanor and punishable by imprisonment for not more than one year or by a fine of not more than one thousand dollars, or both fine and imprisonment."

The Bankruptcy Act does not afford the witness complete immunity from prosecution, and therefore the witness had the right to exercise his constitutional privilege and refuse to answer the questions certified in the examination under section 21a, on the ground that to do so might incriminate or degrade him. McCarthy v. Arndstein, 266 U. S. 34, 45 S. Ct. 16, 69 L. Ed. 158, in which case Mr. Justice Brandeis, at page 42 (45 S. Ct. 17), said:

"Section 21a, on the other hand, deals specifically and solely with the adjective law —with evidence and witnesses. When the bankrupt appears before a commissioner under this section, he comes, like any other person, merely to testify. In that connection he may, like any other witness, assert the constitutional privilege; because the present statute fails to afford complete immunity from a prosecution. If Congress should hereafter conclude that a full disclosure of the bankrupt estate by the witnesses is of greater importance than the possibility of punishing them for some crime in the past, it can, as in other cases, confer the power of unrestricted examination by providing complete immunity."

The effect of allowing the witness to evade answering on the grounds assigned, so far as discovering assets of this estate is concerned, is recognized by this court, but the remedy rests with Congress. That the witness was in danger of prosecution if by his answers he showed that he delivered any of the statements to the bank, knowing it or them to be false, does not seem to be the creature of his imagination.

The motion is denied.