Jennie **ALIOTO** a/k/a Loretta Fisher, Plaintiff,

v.

John A. **HOLTZMAN**, Joseph E. O'Connell, Herbert A. Stein, David Nelson, Ogden Realty Company, a Wisconsin Corporation, and the Wisconsin Telephone Company, a Wisconsin corporation, Defendants.

No. 69–C–511.

United States District Court, E. D. Wisconsin.

Nov. 18, 1970.

Joseph P. Balistreri, Milwaukee, Wis., for plaintiff.

Neil R. Peterson, U. S. Dept. of Justice, Washington, D.C., for Holtzman and O'Connell.

William J. Mulligan and Marvin A. Klitsner, Milwaukee, Wis., for Stein, Nelson and Wisconsin Telephone Co.

William L. Randall, Milwaukee, Wis., for Ogden Realty Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Several of the defendants have moved the court for an order which would compel the plaintiff to answer certain discovery questions put to her at oral discovery proceedings. In comprehensive memoranda submitted to the court, the moving defendants have set forth many of the questions which were put to the plaintiff, together with her answers.

The plaintiff has asserted her belief that the defendants' conduct provoked her indictment which, in turn, was a cause of her having sustained humiliation and shame. The main thrust of the present motion is that in view of this position on the part of the plaintiff, these defendants should be free to conduct discovery upon all aspects of the indictment, including the right to interrogate Miss Alioto about conduct on her part which might possibly have played a role in the issuance of the criminal indictment.

I conclude that the defendants err in their belief that the plaintiff's claim in this civil action grants them carte blanche to interrogate her about the criminal charge against her that was subsequently dismissed.

I believe that the plaintiff sufficiently responded to all fair discovery questions which were submitted to her, and that it would constitute improper harassment of the plaintiff to require her to undergo the additional, unjust discovery proposed in this motion. She is not obliged, in my opinion, to answer incriminating questions; the privilege against self-incrimination applies in civil cases as well as in criminal proceedings. McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924). To require the plaintiff to respond to questions concerning her indictment would "seriously compromise an important constitutional liberty". Hoffman v. United States, 341 U.S. 479, 490, 71 S. Ct. 814, 819, 95 L.Ed. 1118 (1951). As in United States v. 47 Bottles, 26 F.R.D. 4 (D.C.1960), I am unable to spell out a waiver of the plaintiff's fifth amendment rights by reason of her complaint that the defendants illegally engaged in an electronic surveillance.

I conclude that notwithstanding the broad scope of discovery permitted under Rule 26(b), Federal Rules of Civil Procedure, these defendants are not entitled to an order which would compel answers by the plaintiff under Rules 37(a) (2) and (4).

Now, therefore, it is ordered that the defendants' motion be and hereby is denied.