Alan **RAPHAEL**

v.

**Larry A. CONRAD, Secretary of State of Indiana, and Individually.**

**No. IP 73–C–34.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Jan. 7, 1974.

James W. Curtis, Jr., Indianapolis, Ind., for plaintiff.

Theodore L. Sendak, Atty. Gen. of Ind., David H. Kreider, Deputy Atty. Gen., Indianapolis, Ind., for defendant.

Before PELL, Circuit Judge and DILLIN and NOLAND, District Judges.

## MEMORANDUM OPINION

### PER CURIAM.

This Memorandum Opinion is entered as an addendum to the Court's Order dated January 7, 1974, wherein the plaintiff was granted a declaratory judgment that an Indiana statute was unconstitutional and a permanent injunction against its enforcement.

This action was commenced by way of a complaint requesting the appointment of a three-judge district court pursuant to 28 U.S.C. § 2281, and seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202, that a statute of the State of Indiana is unconstitutional under the first and fifth amendments to the United States Constitution as applied to the states through the fourteenth amendment. Plaintiff also seeks a permanent injunction against the enforcement of the challenged statute. The action is founded on 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343.

■ Plaintiff is the executive director of the Christian Inner City Association [C.I.C.A.] which is located in Indianapolis. In addition to that position, he is also the association's only designated lobbyist before the Indiana General Assembly and is compensated by C.I.C.A. for his lobbying activity on its behalf.

In order for a paid lobbyist to be eligible to perform this function certain statutory requirements must be met, including the filing of forms, affidavits, the payment of fees and others. Ind. Code § 2–4–3–1 through 2–4–3–9 (1971).

In November 1972, the officers of C.I.C.A. filed the necessary forms and affidavits with the Secretary of State, the office charged with the enforcement of the lobbying statutes, and tendered the necessary fee. Plaintiff was designated by the association as its lobbyist and, pursuant to the Secretary of State's interpretation of the statute in question, was also required to file an affidavit. Plaintiff refused to sign the required affidavit and was denied certification as a lobbyist for C.I.C.A. by the Secretary of State.

The statute in question, which is found at Ind.Code § 2–4–3–2 (1971), reads as follows:

"The signed statement provided for by section 1 [2–4–3–1] of this act shall be accompanied by an affidavit of the individual if an individual, of each partner if a partnership, of each principal officer of the corporation if a corporation, each of which affidavits shall state that the affiant is not at the time of making such affidavit a member of the communist party; that such affiant has never been a member of the communist party; that such affiant has never failed or refused to answer any question propounded to the affiant by any committee or subcommittee of the Congress of the United States of America concerning affiliation with the communist party; and that such affiant is not at the time of making such affidavit a member of any organization which has been listed by the attorney general of the United States of America as subversive."

This statute was enacted in 1955 as an amendment to an earlier act, Acts of 1915, Chapter 2 § 1, now found at Ind. Code § 2–4–3–1 (1971). Acts of 1955, Chapter 238 § 1.

While no decisions have been found which have interpreted this statute and no legislative history as to its meaning is available, it is clear that the Secre-

tary of State has interpreted the statute to require the affidavit not only of the employer, but also the lobbyist before certification of the lobbyist may take place. The affidavit itself mirrors the language of the statute and also notes that it is required of both the lobbyist and his employer.

█ It is the conclusion of this Court that Ind.Code § 2–4–3–2 (1971), being Indiana Acts 1955, Chapter 238 § 1, is unconstitutional, null and void as being in conflict with the first, fifth and fourteenth amendments to the Constitution of the United States.

The affidavit required by Ind.Code § 2–4–3–2 (1971) requires the affiant to swear: (1) That he has not been and is not at the time of making the affidavit a member of the Communist Party; (2) that he has never failed or refused to answer questions propounded to him by a committee or subcommittee of the United States Congress concerning affiliation with the Communist Party; and (3) that he is not, at the time of making the affidavit, a member of any organization which has been listed by the attorney general of the United States as subversive. As the first and third portions of the affidavit are substantially similar, they will be treated consecutively in this analysis.

Plaintiff argues that the statute violates his first amendment freedoms of speech and association, his fifth amendment rights to be free from self-incrimination and to be accorded due process of law, and that the statute has a chilling effect on his first amendment rights and is vague and overbroad.

The traditional test applied by the courts to oath cases has been one of balancing the interests of individuals against the state's interest in regulating activity and groups thought to be inimical to its interests. *See generally* Cole v. Richardson, 405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (1972), *noted in* 6 Ind.L.Rev. 305 (1972); Note, The National Security Interest and Civil Liberties, 85 Harv.L.Rev. 1130 (1972); 58 Cornell L.Rev. 383 (1973).

In *Cole,* the Supreme Court stated that governments may not condition employment, either public or governmentally regulated, on an oath which denies past or future activities which are within the protection of the constitution. Such constitutionally protected activity includes membership in organizations which may have an illegal purpose ". . . unless one knows of the purpose and shares a specific intent to promote the illegal purpose." 405 U.S. at 680, 92 S.Ct. at 1335. *See also* Law Students Civil Rights Research Council v. Wadmond, 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); Baird v. State Bar of Arizona, 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971); Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed. 2d 228 (1967); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

Clearly the portion of the instant oath which deals with past or present membership in the Communist Party and present membership in any organization listed by the attorney general as subversive is not restricted in its scope to those who possess the specific intent to further some illegal action or purpose. Elfbrandt v. Russell, 384 U.S. 11, 86 S. Ct. 1238, 16 L.Ed.2d 321 (1966).

In effect the oath presumes that any member of such an organization shares the illegal aims and, under the statute, such a presumption is irrebuttable. This the Supreme Court has held to be an unconstitutional restriction on the first amendment freedom of association which infringes unnecessarily on protected freedoms. *Id. See also* Brandenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969); Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964). Consequently, this portion of the affidavit is unconstitutional.

Further, in Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952), the Supreme Court was faced with a similar oath requirement as it related to the attorney general's list. In *Wieman,* the State of Oklahoma required

the affiant to swear that, at the time of the oath and for five years immediately preceding, he had not been a member of any organization on the list. In striking down this oath, the Court said:

> "Yet under the Oklahoma Act, the fact of association alone determines disloyalty and disqualification; it matters not whether association existed innocently or knowingly. . . . Indiscriminate classification of innocent with knowing activity must fall as an assertion of arbitrary power. The oath offends due process."

344 U.S. at 191, 73 S.Ct. at 219.

The Court sees no material distinction between the case at bar and *Wieman.* The oath, as it involves disavowance of membership in organizations on the attorney general's list, without more, violates due process and the first amendment freedom of association and is unconstitutional.

The second portion of the affidavit also suffers from constitutional infirmity. While membership in the Communist Party is not per se illegal, the Internal Security Act of 1950, 50 U.S.C. § 781 et seq., attaches criminal penalties to violation of its requirements by members of communist organizations. Testimony concerning affiliation with the Communist Party could therefore subject a witness to criminal sanctions.

■ The fifth amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." The protection afforded by the Amendment is not, however, limited to criminal prosecutions.

> "[T]he privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973); quoting Mc-

Carthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69, L.Ed. 158 (1924).

The privilege, as thus expressed, extends to witnesses before any committee or subcommittee of the Congress of the United States.

■ It is clear then that a witness may properly refuse to answer, on fifth amendment grounds, questions concerning his affiliation with the Communist Party propounded by a congressional committee. The question presented in the instant case is whether such protected refusal may be attended with the sanction of refusing the witness entry into a field of employment regulated by the government of the State of Indiana. On both reason and authority it is clear that imposition of such a sanction is impermissible. A witness before a Congressional committee cannot be compelled to waive his constitutional rights by threat of loss of his livelihood or foreclosure from entry into an otherwise open field of employment. "A waiver secured under threat of substantial economic sanction cannot be termed voluntary." Lefkowitz v. Turley, 414 U.S. 70, 82, 94 S.Ct. 316, 325, 38 L.Ed.2d 274 (1973). As economic sanctions may not constitutionally be used to coerce waiver of fifth amendment privilege, Lefkowitz v. Turley, *supra;* Gardner v. Broderick, 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968); Sanitation Men v. Sanitation Commissioner, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), it must be concluded that this portion of the affidavit requirement is also unconstitutional.

■ Therefore, the Court now determines that the provisions of the Act of the Indiana General Assembly approved on March 10, 1955, Chapter 238, Section 1, designated as Ind. Code § 2–4–3–2 (1971), is unconstitutional and invalid. The Court further finds that the plaintiff is entitled to the relief sought.