Grant C. AFFLECK, Plaintiff,

v.

The THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY and The Honorable David B. Dee, District Judge, Defendants.

No. 18509.

Supreme Court of Utah.

Sept. 16, 1982.

Richard W. Giaque, Gary F. Bendinger, Colin P. King, Salt Lake City, for plaintiff.

Ted Cannon, Calvin L. Rampton, Lester A. Perry, Salt Lake City, for defendants.

## PER CURIAM:

Plaintiff brings this action for extraordinary relief in the nature of a writ of prohibition[1] on the grounds that the trial court has exceeded its jurisdiction and abused its discretion in violation of his constitutional rights.

In the action from which this complaint arises, *Beehive Thrift and Loan Corp. v. Donald Brooks,* plaintiff was subpoenaed to testify at a deposition. Brooks was being sued to recover on two promissory notes allegedly due Beehive from Brooks. At the time Brooks had obtained the loans, plaintiff was the chief executive officer of Beehive. Brooks sought to show plaintiff's involvement in the loans, the proceeds from which were allegedly turned over to plaintiff for use by certain corporations referred to as AFCO. Plaintiff is the chief executive officer of AFCO, which is now in Chapter 11 reorganization proceedings in bankruptcy court.

Plaintiff filed a motion to quash the subpoena and a motion for a protective order prohibiting discovery against him. Plaintiff alleged that he is the subject of pending criminal investigations involving the same facts as those sought by Brooks, and that to answer the questions may incriminate him. Judge Dee denied both motions and ordered plaintiff to attend the deposition.

Plaintiff appeared at the deposition and, upon the advice of counsel, refused to answer questions dealing with AFCO and the loan money Brooks claimed to have given plaintiff for use by AFCO. His refusal to answer these questions was based on a claimed privilege against self-incrimination under the Fifth Amendment to the Constitution of the United States.[2]

Brooks then filed a motion to compel plaintiff to answer all questions to which he had invoked the privilege against self-incrimination. Plaintiff filed a memorandum in opposition to the motion, which included an affidavit of counsel for plaintiff stating that he had been informed that plaintiff was the target of criminal investigations at both state and federal levels. Following oral argument, Judge Dee granted Brooks' motion in its entirety and ordered plaintiff to pay Brooks $500 in attorney fees as a sanction for his refusal to answer the deposition questions.

Plaintiff thereafter filed his complaint with this Court wherein he seeks relief from the orders of Judge Dee and a protective order prohibiting further discovery of his involvement with AFCO, Beehive or Brooks in the proceedings below. Brooks moved to intervene on the basis that he is the real party in interest. That motion was granted.

It is clear that the privilege against self-incrimination may be invoked in civil proceedings,[3] including pretrial discovery.[4] A witness properly may invoke the privilege when he reasonably apprehends a risk of self-incrimination though no criminal charges are pending against him.[5] The privilege does not apply solely to those answers which would lead directly to a criminal conviction, but includes those answers which would furnish a link in the

---

1. Pursuant to Rule 65B(b)(2), Utah R.Civ.P.

2. See also Constitution of Utah, Art. I, § 12, as construed in *State v. Byington,* 114 Utah 388, 200 P.2d 723 (1948).

3. *Maness v. Meyers,* 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *McCarthy v. Arndstein,* 266 U.S.

34, 45 S.Ct. 16, 69 L.Ed. 158 (1924); *State v. Byington,* supra.

4. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

5. *Marchetti v. United States,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); *Hoffman v. United States,* supra.

chain of evidence needed criminally to prosecute the witness.[6] When a witness can demonstrate fear of prosecution "which is more than fanciful or merely speculative, he has a claim of privilege that meets constitutional muster."[7] After considering all of the circumstances of the case, the trial judge determines whether silence is justified—whether an answer reasonably might incriminate the witness.[8]

■ In the instant case, the court seemed to be aware of the implications of requiring plaintiff to testify. It expressed concern, however, that if plaintiff was granted his privilege against self-incrimination he could obstruct the proper functioning of not only this action, but numerous related actions as well. Where a witness's privilege against self-incrimination collides with a party's need for the testimony (and a stay of the civil proceeding is not practical),[9] the privilege must prevail;[10] otherwise, the privilege would cease to have any meaning whatsoever.[11]

■ Counsel for plaintiff submitted affidavits stating that plaintiff was the target of pending criminal investigations. Plaintiff's apprehension of criminal prosecution was clearly not merely speculative. On the facts presented, the trial judge abused his discretion in categorically refusing to allow plaintiff to invoke the privilege. In light of the foregoing, it was also error to order plaintiff to pay Brooks $500 in attorney fees. Pursuant to Rule 37(a)(4), Utah R.Civ.P., the court may impose sanctions against a *losing* party or deponent whose conduct necessitated a motion to compel discovery.[12] However, where the privilege against self-incrimination properly is invoked, no court may impose "any sanction which makes assertion of the Fifth Amendment privilege 'costly.'"[13]

Plaintiff also requests a protective order from all future discovery against him concerning the issues raised in the deposition. In taking the Fifth Amendment, one must assert the privilege in response to specific questions.[14] "The witness may be totally excused only if the court finds that he could 'legitimately refuse to answer essentially all relevant questions.'"[15] This matter must therefore be addressed to the discretion of the trial court as set forth in this opinion.

Plaintiff is hereby granted the relief sought from the orders of Judge Dee compelling him to testify in contravention of his privilege against self-incrimination and requiring him to pay $500 in attorney fees. Plaintiff's request for a protective order prohibiting further discovery is hereby denied.

DURHAM, J., does not participate herein.

6. *Kastigar v. United States,* supra; *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *In re Petty,* 18 Utah 2d 320, 422 P.2d 659 (1967).

7. *In re Corrugated Container Antitrust Litigation,* 662 F.2d 875, 883 (D.C.Cir.1981); *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972).

8. *Hoffman v. United States,* supra, and cases cited therein. See also *Hashagen v. United States,* 283 F.2d 345 (9th Cir.1960).

9. See *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *Dienstag v. Bronsen,* 49 F.R.D. 327 (D.C.N.Y.1970).

10. *United States v. Goodwin,* 625 F.2d 693 (5th Cir.1980).

11. *Hashagen v. United States,* supra.

12. See *Baker v. Limber,* 647 F.2d 912 (9th Cir. 1981).

13. *Spevack v. Klein,* 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967) citing with approval *Griffin v. California,* 380 U.S. 609, 614, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106 (1965).

14. *United States v. Kordel,* supra; *National Life Ins. Co. v. Hartford Acc. & Indem. Co.,* 615 F.2d 595 (3rd Cir.1980).

15. *United States v. Goodwin,* supra, at p. 701, citing *United States v. Gomez-Rojas,* 507 F.2d 1213, 1220 (5th Cir.1975).