BENTON, J.,
concurring.
The United States Supreme Court has held as follows:
The Fifth Amendment[, which] provides that no person “shall be compelled in any criminal case to be a witness against himself[,]” ... not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.
Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973) (citing McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924)). Indeed, in Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), where a probationer admitted committing crimes to a probation officer and did not timely invoke the Fifth Amendment, id. at 423-24, 104 S.Ct. at 1140-41, the Supreme Court reiterated that its “decisions have made clear that the State could not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege.” Id. at 438, 104 S.Ct. at 1148; see also Mace v. Amestoy, 765 F.Supp. 847 (D.Vt.1991) (granting a petition for habeas corpus because the probation revocation violated the petitioner’s Fifth Amendment rights against self-incrimination). The Supreme Court’s reference to its prior decisions was not inconsequential to its decision in Murphy because the Court held, “in light of [its] decisions proscribing threats of penalties for the exercise of Fifth Amendment rights, Murphy could not reasonably have feared that the *393 assertion of the privilege would have led to revocation.” 465 U.S. at 439, 104 S.Ct. at 1149.
In this case, Venable, a probationer, timely asserted his Fifth Amendment privilege when he was questioned in a sexual treatment program ordered by his probation about sexual offenses. The principle is long standing that a person who is protected by the Fifth Amendment privilege may “refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant.” Lefkowitz, 414 U.S. at 78, 94 S.Ct. at 323 (citing Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)). Although the Commonwealth instigated proceedings to revoke Venable’s probation for his refusal to respond to the questioning, the trial judge continued Venable’s probation and ordered him to participate in an alternate program, one suggested by Venable.
For these reasons, I would hold that Venable has failed to demonstrate he suffered punishment for the exercise of his Fifth Amendment rights. Thus, I too would affirm the trial judge’s order.