Charles P. CAMPBELL, Jr., and
Elizabeth M. Burke Campbell,
Plaintiffs-Appellants,

v.

Arthur W. GERRANS, Edward Dennis,
and Doe I, through X,
Defendants-Appellees.

No. 77–1734.

United States Court of Appeals,
Ninth Circuit.

March 7, 1979.

Larry Lockshin of McCray & Roberts, Anthony G. White (argued), San Francisco, Cal., for plaintiffs-appellants.

Rene A. Chouteau (argued), San Francisco, Cal., for defendants-appellees.

Before CHOY and SNEED, Circuit Judges, and KERR *, District Judge.

KERR, District Judge:

This is an appeal from an order of dismissal issued under Rule 37, Fed.R.Civ.P. The order was entered after failure of plaintiffs to answer certain interrogatories. Plaintiffs pled the Fifth Amendment in response to the interrogatories. The plaintiffs' original complaint sought damages under 42 U.S.C. § 1983.

The facts are not involved and can be summarized as follows:

In May of 1972, plaintiff Charles Campbell pled guilty, pursuant to negotiations, to one count of a violation of Section 11500 of the California Health and Safety Code, possession of heroin. He then was sentenced to one year in the county jail and placed on probation for three years. In July 1972, plaintiff negotiated another plea of guilty to a further violation of the same penal statute and received a concurrent sentence. On December 26, 1972, Campbell was released from jail. As a condition of his probation, he agreed to submit to warrantless searches of his person, premises, or auto.

The other plaintiff in this case is Elizabeth Campbell. She and Charles are legally married, but both stated they are separated and have maintained separate residences since May 1972. They have an infant son who is in the custody of the mother. Charles would periodically visit the son at his wife's apartment.

On November 27, 1973, Charles was on a visit to Elizabeth's apartment. On his way into her apartment he alleged he was tackled by defendant Officer Gerrans who was accompanied by Officer Dennis. Both men are members of the San Francisco Police Department. They had staked out Elizabeth's apartment based on a tip that Campbell was dealing in heroin. Both Campbells assert they were "assaulted" by police during their search. The police searched Elizabeth's apartment, her purse and her car. They also searched Charles' automobile and pockets. They seized 1,682 balloons, a large package of lactose, a funnel, a strainer, spoons, prophylactics; also, a savings passbook showing a balance of $1,811.08, a safe deposit key and a pistol found in the kitchen.

On November 29, 1973, Officers Gerrans and Dennis obtained a search warrant allowing them to search the safe deposit box. They seized the $2,240.00 found inside the box. In February 1974, Charles Campbell pled guilty to being a felon in possession of a firearm.

---

* Senior U.S. District Judge for the District of Wyoming, sitting by designation.

Plaintiffs brought suit under 42 U.S.C. § 1983, based on the "unjustified assault of their persons, the unjustified and unauthorized seizure of personal property and invasion of privacy." They also accused the officers of misrepresenting facts in their application for the search warrant. The Campbells sought damages in the approximate total of $364,504.89.

In April of 1974, interrogatories consisting of 34 questions were propounded to plaintiffs. Plaintiffs invoked the Fifth Amendment on questions 27, 28, and 31–34. Questions 27 and 28 were later stipulated to and answered. The trial court ordered plaintiffs to answer questions 31–34 or have their case dismissed. The questions propounded were:

31. In regard to the approximately 1,682 balloons, large package of lactose, the funnel, strainer, spoons and prophylactics seized by officers of the San Francisco Police Department on November 27, 1973, at 4302 Fulton Street, Apt. 2, please state as to each item:

a) Who the owner was of said item on July 9, 1973;

b) Date of purchase of said item;

c) Party from whom item was purchased;

d) Use to which item was to be put by the owner thereof.

32. Within the two year period preceding July 9, 1973, have you made a sale of heroin? If so, please state:

a) Date of sale;

b) Name and address of person to whom sale was made;

c) The quantity sold.

33. In regard to the $2,240 seized by members of the San Francisco Police Department from safe deposit box # 2111, Wells Fargo Bank, Civic Center Branch, on November 29, 1973, please state:

a) The owner of said funds;

b) Date(s) said funds were acquired;

c) Person from whom said funds were acquired;

d) Whether said funds acquired by gift or by exchange of consideration;

e) Nature of consideration, if appropriate.

34. In regard to the $2,165 in currency, bank book showing a $2,044.63 balance in account # 342477, Bayview Federal, 24th and Mission, and check book $1,811.08 in account # 02624–02067, Bank of America, NT&SA, Haight and Clayton, please state for each amount:

a) The owner of said funds;

b) Date(s) said funds were acquired;

c) Person from whom said funds were acquired;

d) Whether said funds acquired by gift or by exchange of consideration;

e) Nature of consideration, if appropriate.

In response, plaintiffs pled the Fifth Amendment. The trial court ordered plaintiffs to answer the interrogatories or face dismissal. When this order was not complied with, the trial judge dismissed plaintiffs' action under the provision of Rule 37, Fed.R.Civ.P. The district court found:

Plaintiffs are not entitled to invoke the privilege provided by the Fifth Amendment of the U. S. Constitution to justify their refusal to answer said interrogatories. *Lyons v. Johnson,* 415 F.2d 540 (9th Cir. 1969).

The issue before us is whether the trial judge abused his discretion in dismissing the complaint following plaintiffs' assertion of their Fifth Amendment privilege with respect to the four questions in the discovery stage of their civil rights action.

■ Rule 26 provides that discovery may only be had of matter "not privileged, which is relevant to the subject matter involved in the pending action." What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. See, *Hickman v. Taylor,* 329 U.S. 495, 507–508, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). The court said:

We agree, of course, that the deposition discovery rules are to be accorded a broad and liberal treatment . . . To that end, either party may compel the other to disgorge whatever facts he has in his possession . . . But discovery, like all matters of procedure, has ultimate and necessary boundaries . . . And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.

As early as 1924, the Supreme Court recognized that the Fifth Amendment applied to civil as well as criminal cases. Justice Brandeis wrote:

The privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924).

The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). See, *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

In accordance with this view of the Supreme Court, lower courts have repeatedly held that the privilege against self-incrimination justified a person in refusing to respond to interrogatories. *United States v. Of 47 Bottles*, 26 F.R.D. 4 (D.C.N.J.1960), aff'd, 264 F.2d 666 (3d Cir. 1959); *Hope v. Burns*, 6 F.R.D. 556 (D.C.Ky.1947); *Bowles v. Trowbridge*, 60 F.Supp. 48 (D.C.Cal.1945); *Zonver v. Superior Court*, 270 Cal.App.2d 613, 76 Cal.Rptr. 10 (1969); *United States v. Fishman*, 15 F.R.D. 151 (D.C.N.Y.1953).

Along with the above cases, there is scattered authority for the view that imposition of sanctions is proper upon a party who asserts the Fifth Amendment in a civil suit. *Securities & Exch. Com'n v. American Be-ryllium & Oil Corp.*, 303 F.Supp. 912, 921 (N.Y.1969); *Franklin v. Franklin*, 365 Mo. 442, 283 S.W.2d 483 (1955); and the case relied on by the trial court, *Lyons v. Johnson*, supra. A careful reading of these cases reveals distinguishing facts or an erroneous view of the law. 8 Wright & Miller Federal Practice and Procedure § 2018.

In *Lyons v. Johnson*, supra, the plaintiff in a § 1983 suit refused to answer any interrogatories. The court described her attitude as one of "unyielding refusal" and stated that it did not believe that the Fifth Amendment could properly be pled to all the questions, some of which were merely for background information.

■ The facts of the present case are clearly distinguishable. Here, 30 of 34 interrogatories were answered. The remaining 4 interrogatories were of a highly questionable nature and appear on their face to raise Fifth Amendment problems.

■ The error that has been made in some of the cases in this line of authority is to view all pleading of the Fifth Amendment in the discovery stage as improper. The above analysis of Supreme Court cases has shown that this overbroad reading of the law is incorrect. Clearly there are cases where the refusal to answer is one which the discovery rules permit under the privileged matter exception. See, *Buzard v. Griffin*, 89 Ariz. 42, 358 P.2d 155 (1960). Just as clearly, there are cases like *Lyons* where the refusal to answer is improper and subject to Rule 37 sanctions.

Imposing the harshest of the Rule 37 sanctions on a proper exercise of Fifth Amendment rights is not in accord with Supreme Court decisions. The Court has made clear that the privilege protects the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and that he is to suffer no penalty for his silence. See, *Spevack v. Klein*, 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967), which states: "In this context 'penalty' is not restricted to fine or imprisonment. It means, as we said in *Griffin v. California*, 380 U.S. 609, 85 S.Ct.

1229, 14 L.Ed.2d 106 [1965], the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly'."; and *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

■ It is obvious that dismissal of an action is costly and therefore would not survive the *Griffin* test. Certainly, Rule 37 provides that, if a party to an action fails to answer questions after being ordered to do so by the court, this would constitute grounds for dismissal. But a court's power to dismiss is not without limits. Rule 37 provides that a court may "make such orders in regard to the failure as are just." The case of *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957), further describes this limitation as follows:

> . . . In final analysis, a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default.

See, also, *Trans World Airlines v. Hughes*, 332 F.2d 602, 614 (2d Cir. 1964) where the court held:

> . . . The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed. . . .

■ In light of the Supreme Court decisions on the Fifth Amendment privilege, a plea based on this privilege in the discovery stage of a civil case cannot automatically be characterized as "willful default" resulting in dismissal.

As a recent Supreme Court decision indicates, our holding in this case would not forbid the drawing of an adverse inference at trial. See, *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976), holding:

> . . . [T]he Amendment "does not preclude the inference where the privilege is claimed by a party to a civil cause." . . .

This court finds that the trial court committed an abuse of discretion in dismissing this case due to the Fifth Amendment plea entered by plaintiffs in response to interrogatories.

The case is remanded with instructions to reinstate on the docket.

REVERSED AND REMANDED.