YOUNG SIK WOO, Hung Sik
Woo, Plaintiffs,

v.

Ronald H. GLANTZ, Michael J. Farina,
Louis A. Rossi, Eticam, and Eticam
Programs, Inc., Defendants,

v.

Jacob T. PERL, Joseph Guido, Alex Hiri-
santhopoulos, and Financial Resources,
Inc., Third-Party Defendants.

Civ. A. No. 83–0165–S.

United States District Court,
D. Rhode Island.

Nov. 1, 1983.

Tillinghast, Collins & Graham by Steven
E. Snow, Providence, R.I., for plaintiffs.

Jackvony, Dimitri & Shapira by William
A. Dimitri, Jr., Oleg Nikolyszyn, Provi-
dence, R.I., for defendants.

## MEMORANDUM AND ORDER

SELYA, District Judge.

This matter is before the court on the
plaintiffs' motion for summary judgment,
as against defendant Ronald H. Glantz
("Glantz"), brought pursuant to Fed.R.
Civ.P. 56. The plaintiffs have filed, *inter
alia*, the statement of material facts re-
quired by Local Rule 12.1(a)(1). Glantz has
objected, but has filed no counter-statement
of material facts, nor has he rebutted in
kind the affidavits and kindred materials
proffered by the movants. Instead, he ar-
gues that invocation of his constitutional
privilege against self-inculpation, asserted
during pre-trial discovery, insulates him
against the plaintiffs' Rule 56 thrust.[1]

The court notes, as a threshold matter,
that no motion to stay the proceedings, or
for a protective order, has been made.
Similarly, Glantz has not seen fit to file a
Rule 56(f) affidavit. Finally, while his ob-
jection insinuates that the averments upon
which the pending motion is bottomed may
be less than Holy Writ, he nowhere articu-
lates any particularized challenge.[2]

---

1. Glantz asseverates that "at present there is a
federal grand jury investigation sitting in the
District of Rhode Island, looking into possible
federal law violations by the defendant Glantz,
which alleged violations arise exactly out of the
same facts upon which (sic) this cause of ac-
tion is now pending." Defendant's Memoran-
dum In Opposition to Motion for Summary
Judgment at 1–2. The plaintiffs have not as-
serted that Glantz's claim of privilege is cap-

tious. Indeed, Glantz initially fell back upon
the Fifth Amendment during his deposition,
and the plaintiffs have not moved to compel
him to answer those questions.

2. The defendant's suggestion that he can com-
fortably rest on the allegations made in his
pleadings to limn a bona fide issue of material
fact, and thereby resist a Rule 56 motion, is an
exercise in the flogging of a steed long since
put out of misery. The rule in this circuit, at

The yardstick by which a motion for *brevis* disposition is to be measured is so familiar as not to warrant extensive citation of authority. A single excerpt from this court's decision in *Gonsalves v. Alpine Country Club,* 563 F.Supp. 1283, 1285 (D.R. I.1983) should suffice to set the stage:

It is well settled that summary judgment can be granted only where there is no genuine issue as to any material fact and where the movant is entitled to judgment as a matter of law. *Emery v. Merrimack Valley Wood Products, Inc.,* 701 F.2d 985, 986 (1st Cir.1983); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1957), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *United Nuclear Corp. v. Cannon,* 553 F.Supp. 1220, 1226 (D.R.I.1982); *Milène Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1292 (D.R.I.1982). In determining whether these conditions have been met, the Court must view the record in the light most favorable to the party opposing the motion, *Emery v. Merrimack Valley Wood Products, Inc.,* 701 F.2d at 986; *John Sanderson & Co. (WOOL) Pty. Ltd. v. Ludlow Jute Co.,* 569 F.2d 696, 698 (1st Cir.1978), indulging all inferences favorable to that party. *Santoni v. Federal Deposit Insurance Corp.,* 677 F.2d 174, 177 (1st Cir.1982); *O'Neill v. Dell Publishing Co.,* 630 F.2d 685, 686 (1st Cir.1980).

This standard appears to have been met here, unless the defendant's reliance upon constitutional privilege dictates a contrary result.

The rights conferred by the Fifth Amendment to the Constitution are precious and should not lightly be eroded. The Supreme Court has made it abundantly clear that the protection against self-incrimination so conferred safeguards the right of a litigant to keep his own counsel unless and until he elects to speak, and that such a person should suffer no penalty in consequence thereof. *Spevack v. Klein,* 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967). "In this context, 'penalty' is not restricted to fine or imprisonment. It means ... the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly." *Id.* (citations omitted). *Accord Campbell v. Gerrans,* 592 F.2d 1054, 1057–58 (9th Cir.1979). Yet, the cases cited by Glantz involve, without exception, attempts to impose sanctions under Fed.R. Civ.P. 37 for failure to make discovery. *E.g., Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir.1979), *rehearing denied,* 611 F.2d 1026 (1980). Summary judgment is not, however, a specie of discovery. Rather, it is intended to promote the prompt disposition of cases and to avoid unnecessary trials, *Hoffman v. Babbitt Bros. Trading Co.,* 203 F.2d 636, 637 n. 1 (9th Cir.1953); and the case at bar involves not a choice among sanctions in order to effectuate procedural regularity, but a disposition on the merits. Sanctions, being discretionary with the court, can be withheld at its pleasure, *Societe Internationale v. Rogers,* 357 U.S. 197, 208, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958), and should be so withheld where good cause is shown. The entry of judgment on the merits under Rule 56 is, quintessentially, of a much different genre; a party is entitled to summary judgment, or not. And, even the *Wehling* court acknowledged that, while dismissal is ordinarily unavailable as a *sanction,* it can be employed as a *remedy. Wehling,* 608 F.2d at 1087 n. 6.

This distinction looms larger in view of the Supreme Court's pronouncement that

... [T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: The Amendment "does not preclude the inference where the privilege is claimed by a party to a civil action."

*Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976) (quoting 8 Wigmore, *Evidence,* McNaughton Ed.1961, at 439). *Accord Campbell v.*

least, is a horse of quite another color. *See e.g., Sour v. National Football League Players' Association,* 550 F.2d 1287, 1289 n. 4 (1st Cir. 1977); *Morton v. Browne,* 438 F.2d 1205, 1206 (1st Cir.1971). *And see* Fed.R.Civ.P. 56(e).

*Gerrans,* 592 F.2d at 1058; *Hughes Tool Co. v. Meier,* 489 F.Supp. 354, 373–75 (D.Utah 1977).[3]

If such an inference can be drawn at trial, there is no substantial reason to forbid it in the paper trial contemplated by Rule 56. Indeed, even the defendant's own authorities seem to comport with this conclusion. Thus, the Fifth Circuit, on petition for rehearing in *Wehling,* observed:

> Nothing in our opinion precludes CBS from abandoning its questions to Wehling and proceeding to an early trial without full discovery. Although Wehling could continue to assert his Fifth Amendment rights at trial, it is clear that his invocation of the privilege would be subject to the drawing of an adverse inference by the trier of fact.

611 F.2d at 1027 (citation omitted). And, while Glantz in his brief cites language from 8 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2018 at 148 (1970), the passage quoted applies to discovery sanctions. Those respected commentators take pains to note, one page later, that:

> In some cases if a party claims the privilege and does not give his own evidence, there will be nothing to support his view of the case and a finding against him or even a directed verdict or grant of summary judgment will be proper.

*Id.,* § 2018 at 149. *See also* Kaminsky, *Preventing Unfair Use of the Privilege Against Self-Incrimination,* 39 Brooklyn Law Review 121, 145 (1973).

The same result is indicated, too, by a line of cases involving turnover orders. *E.g., Sahn v. Pagano,* 302 F.2d 629, 632 (2d Cir.), *cert. denied* 371 U.S. 819, 83 S.Ct. 34, 9 L.Ed.2d 59 (1962). As the Seventh Circuit has held anent reliance on the Fifth Amendment in such a context:

> We do not contest [a party's] privilege to rely on it but we do not believe they are entitled to use it as a sword permitting them to circumvent Rule 8(d), F.R.Civ. · P. . . .

*In re Sterling-Harris Ford, Inc.,* 315 F.2d 277, 279 (7th Cir.1963).

■ This court is therefore constrained to hold, as a general proposition, that a claim of constitutional privilege against self-inculpation cannot in and of itself create a fact issue for summary judgment purposes, nor deny an opposing litigant access to the prophylaxsis of Rule 56. This is especially true where, as here, no showing has been made sufficient to identify the specific facts which the defendant asserts are contested, or to show that third-party depositions or affidavits are, given good faith efforts, unavailable to oppose the motion. "[I]t does not necessarily follow that a party will be unable to . . . rebut his opponent's case without his own testimony." Wright & Miller, *op cit. supra,* at 149.

There is, however, a final consideration which must be addressed before the merits of the motion are adjudicated. Rule 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

It is, of course, apodictic that, since Glantz has not deigned to file any affidavits, nor to move for a stay or a protective order, the court would be amply justified in proceeding to judgment. The Third Circuit has captured the essence of how Rule 56(f) should function when the party against

---

**3.** The *Baxter* rule is not to be applied willy-nilly. As one scholar has correctly concluded, "the cases suggest that three criteria must be met before the court will permit an inference to be drawn against self-incrimination: (a) the action must be a civil action; (b) the party seeking to draw the inference must have established a prima facie case; and (c) the person must be a party and not a mere witness." Moxham, *A Comment Upon The Effect of Exercise of One's Fifth Amendment Privilege in Civil Litigation,* 12 N.Eng.L.Rev. 265, 267 (1976). The movants here have incontrovertibly fulfilled this trio of conditions.

whom summary relief is sought fails to bestir himself:

It is not enough to rest upon the uncertainty which broods over all human affairs or to pose philosophic doubts regarding the conclusiveness of evidentiary facts. In the world of speculation such doubts have an honored place, but in the daily affairs of mankind and the intensely practical business of litigation they are put aside as conjectural.

*Robin Construction Co. v. United States,* 345 F.2d 610, 614 (3rd Cir.1965).

Yet, the overriding concern of the court must in all events be to insure that justice is done; and, despite the defendant's pervicacious reticency properly to document the record, the court is not fully persuaded that facts contrary to those asserted by the plaintiffs are non-existent. Thus, in an abundance of caution, the court will deny the pending motion without prejudice to the right of the movants to renew it at any time on or after December 20, 1983. In the interim, the defendant Glantz may engage in such discovery as he deems propitious to secure facts essential to justify his opposition.

SO ORDERED.