STATE OF RHODE ISLAND and Providence Plantations, Plaintiff,

v.

Theodore W. CARDILLO, et als., Defendants.

Civ. A. No. 81–0149 S.

United States District Court, D. Rhode Island.

Sept. 17, 1984.

---

Dennis J. Robert, II, Atty. Gen., Susan E. McGuirl, Deputy Atty. Gen., Faith A. LaSalle, Patrick J. Quinlan, Sp. Asst. Atty. Gen., Providence, R.I., for plaintiff.

John F. Cicilline, Providence, R.I., for Theodore W. Cardillo and Robert Desautel.

Jos. A. Bevilacqua, Providence, R.I., for John D. Masso, Jr.

John J. Bevilacqua, Providence, R.I., for Vincent T. Calise.

William A. Gosz, Providence, R.I., for Ronald Germani.

## OPINION

SELYA, District Judge.

This is a civil action instituted by the State of Rhode Island, by and through its Attorney General suing as *parens patriae*, *see* R.I.Gen.Laws § 6–36–12, for damages, penalties, and equitable relief anent the defendants' alleged violations of federal and state antitrust laws and other acts and practices in restraint of trade. The focal point of the putative skulduggery is the home improvement industry as conducted in and around Providence, Rhode Island in 1979 and thereafter; and most particularly, the participation of the defendants (remodelling contractors all) in the federally-funded HIP program.[1]

A state criminal prosecution was also commenced against essentially the same group of defendants.[2] These defendants (Germani, Calise, Cardillo, and Desautel) were all convicted in the state superior court on various counts alleging criminal violations of Rhode Island's antitrust statute, R.I.Gen.Laws §§ 6–36–4 and 6–36–16. On appeal, however, the state supreme court reversed, holding in substance that the statute's real estate exemption, R.I. Gen.Laws § 6–36–3(7), precluded the prosecution. *State v. Calise*, 478 A.2d 198 (R.I. 1984) (*Calise I*).

Discovery in this court, which had proceeded at an erratic pace during the pend-

---

[1] "HIP" is an acronym for the initiative formally styled as "Home Improvements for Providence." The HIP program was generously funded during the years in question by grants from the United States Department of Housing and Urban Development, and was administered in the city of Providence under the aegis of the Mayor's Office of Community Development.

[2] John D. Masso, Jr., a defendant herein, was not indicted in the state criminal case.

ency of *Calise I,* gained steam in the summer of 1984. The plaintiff attempted to depose defendants Germani, Calise, Cardillo and Desautel on July 2, 1984 (shortly before their convictions were reversed). Without exception, the quartet refused to answer material inquiries, asserting Fifth Amendment privilege and fear of self-incrimination. Subsequent to the decision in *Calise I,* the plaintiff moved in this case to compel those party-deponents to answer the questions posed at deposition. The defendants have jointly objected.

■ The plaintiff concedes that the prophylaxsis of the Fifth Amendment applies to excuse testimonial obligations in the context of civil litigation, *e.g., McCarthy v. Arndstein,* 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924), but contends that no real or substantial threat of prosecution exists in this case inasmuch as it has now been determined that the Rhode Island criminal statutes do not apply to the conduct of the affected defendants.

■ But, the state's argument is overly simplistic. The plaintiff overlooks the forest and concentrates only on a single tree. The state fails even to address the possibility of prosecution for violation of *federal* antitrust statutes. It is nowhere made clear that the defendants cannot be indicted and tried in federal court for federal crimes.[3] There is no legal barrier to the commencement of a federal prosecution now that the state court convictions have been overturned. *United States v. Wheeler,* 435 U.S. 313, 329–30, 98 S.Ct. 1079, 1089, 55 L.Ed.2d 303 (1978) (prosecutions brought by separate sovereigns are not for the same offense and thus not barred by Double Jeopardy); *Abbate v. United States,* 359 U.S. 187, 195, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959); *United States v. Benmuhar,* 658 F.2d 14, 18 (1st Cir.1981), *cert. denied,* 457 U.S. 1117, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982). At any time before the expiration of the five-year statute of limitations established by 18 U.S.C. § 3282,

the federal government may initiate a prosecution against any or all of these defendants. And, the bid-rigging and other nefarious acts and practices charged in the civil complaint fall within the five-year period. Viewed in this light, the trepidation expressed by the defendants at the prospect of testifying in this civil action cannot, on this record, be written off as entirely unjustified.

■ The court is not unmindful of the fact that the United States Department of Justice has an established policy of declining to prosecute individuals previously tried in a state court for offenses involving the same acts, unless unusual circumstances exist. *See* Department of Justice Press Release, Apr. 6, 1959; N.Y. Times, Apr. 6, 1959, p. 19, col. 2; *see also Thompson v. United States,* 444 U.S. 248, 248, 100 S.Ct. 512, 512, 62 L.Ed.2d 457 (1980); *Watts v. United States,* 422 U.S. 1032, 1032, 95 S.Ct. 2648, 2648, 45 L.Ed.2d 688 (1975) (order to vacate and remand; Burger, C.J., dissenting); *Petite v. United States,* 361 U.S. 529, 530–31, 80 S.Ct. 450, 451, 4 L.Ed.2d 490 (1960). In each of the cited cases, the Court acceded to requests from the Solicitor General to vacate federal convictions because the Department of Justice had departed from its own established policy (i.e., the prior approval of an Assistant Attorney General had not been obtained) before initiating a prosecution against a defendant who had previously been tried in state court for the same conduct.

Nevertheless, "(t)he enforcement of such policy, if still in effect, lies with the Attorney General and an individual defendant cannot avoid prosecution on the basis of this policy." *United States v. King,* 590 F.2d 253, 256 (8th Cir.), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1979). The protection against subsequent federal prosecution afforded by the Department's policy does not rise to the same level of protection as the privilege against self-incrimination. Hence, the policy can-

---

**3.** Indeed, the state's complaint and the jurisdiction of this court are both premised on the existence of federal antitrust violations.

not serve as a substitute for one's constitutional safeguards. *Cf. Kastigar v. United States*, 406 U.S. 441, 461, 92 S.Ct. 1653, 1665, 32 L.Ed.2d 212 (1972).

In fine, so long as the defendants' claim of the possibility of future prosecution is not plainly insubstantial, the mere likelihood that no such prosecution will eventuate is not sufficient to compel testimony. The court simply cannot roll the dice with the defendants' constitutional prerogatives—no matter how appealing the odds. As this court has heretofore observed:

> The rights conferred by the Fifth Amendment to the Constitution are precious and should not lightly be eroded. The Supreme Court has made it abundantly clear that the protection against self-incrimination so conferred safeguards the right of a litigant to keep his own counsel unless and until he elects to speak, and that such a person should suffer no penalty in consequence thereof. *Spevack v. Klein*, 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967).

*Young Sik Woo v. Glantz*, 99 F.R.D. 651, 652 (D.R.I.1983).

There is, moreover, a further string to the defendants' bow, given the chronometry of events. The deposition questions were asked while the state prosecution was still pending, i.e., before the Rhode Island Supreme Court had spoken. Surely, it is clear beyond any peradventure of doubt that the deponents—with the state criminal proceedings still zoetic—had a perfect right to claim their Fifth Amendment privilege.

For these reasons, the plaintiff's motion to compel, insofar as it is addressed to the depositions of Messrs. Germani, Calise, Cardillo and Desautel, must be, and it hereby is, denied.

This does not mean, of course, that trial need be delayed or deferred. As the Court has stated:

> ... [T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: The Amendment "does not preclude the inference where the privilege is claimed by a party to a civil action."

*Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976) (quoting 8 Wigmore, Evidence, McNaughton Ed.1961, at 439). *Accord Campbell v. Gerrans*, 592 F.2d 1054, 1058 (9th Cir. 1979); *Young Sik Woo*, 99 F.R.D. at 652–53.[4]

Thus, nothing in this rescript should be read to preclude the state from abandoning its questions to these deponents and proceeding to trial in the absence of this discovery. Although some or all of the defendants may persist at trial in their reliance on the Fifth Amendment, the case could nonetheless go forward, and the invocation of the privilege would fairly be subject to inference-drawing by the fact finders. *See Wehling v. Columbia Broadcasting System*, 611 F.2d 1026, 1027 (5th Cir. 1980); *Young Sik Woo*, 99 F.R.D. at 652–53. *See also* 8 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2018 at 149 (1970); Kaminsky, *Preventing Unfair Use of the Privilege Against Self-Incrimination*, 39 Brooklyn L.Rev. 121, 145 (1973). The defendants, in short, cannot have their cake and eat it, too.

*Settle order on notice.*

---

**4.** The *Baxter* rule is not to be applied at will or whim. As one commentator accurately noted, "the cases suggest that three criteria must be met before the court will permit an inference to be drawn against self-incrimination: (a) the action must be a civil action; (b) the party seeking to draw the inference must have established a prima facie case; and (c) the person must be a party and not a mere witness." Moxham, *A Comment Upon The Effect of Exercise of One's Fifth Amendment Privilege in Civil Litigation*, 12 N.Eng.L.Rev. 265, 267 (1976), quoted with approval in *Young Sik Woo*, 99 F.R.D. at 653 n. 3.