**INTERIM INVESTORS COMMITTEE** Claims Against Financial & Business Services, Inc., Individually, Collectively, and Derivatively on Behalf of Financial and Business Services, Inc., Plaintiffs,

v.

Arthur B. JACOBY; Elizabeth Jacoby; Joseph Pavlico; Michelle Pavlico; Donald F. Billhardt; Raymond J. Zeman; Capital Systems Corporation; Joe Doe I Thru XX and NCNB National of North Carolina, Garnishee, Defendants.

No. C-C-87-101-M.

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 25, 1988.

**778**

Thomas B. Henson, Robert W. Fuller, Charlotte, N.C. for plaintiffs.

Travis W. Moon, Charlotte, N.C. for receiver Timothy F. Finley.

David C. Boggs, Charlotte, N.C. for Donald F. Billhardt, Raymond J. Zeman, Capital Systems Corporation.

Melvin L. Watt, Charlotte, N.C. for Elizabeth Jacoby.

Kenneth P. Andresen, Charlotte, N.C. for Joseph & Michele Pavlico.

James C. Smith, Charlotte, N.C. for NCNB National Bank of N.C.

## ORDER

McMILLAN, District Judge.

The United States Bankruptcy Court for the Western District of North Carolina, entered summary judgment for plaintiff against defendants Arthur B. Jacoby, Elizabeth Jacoby, Joseph Pavlico, and Michelle Pavlico in the amount of $5,937.080. Arthur B. Jacoby did not appeal from the bankruptcy court's judgment. However, the other three defendants appealed and are properly before this court.

After reviewing the record, hearing arguments of counsel and considering the applicable law, this court is of the opinion that the judgment of the bankruptcy court should be *affirmed* as to all defendants except Elizabeth Jacoby, but, as to the defendant Elizabeth Jacoby, should be *reversed* for reasons stated.

On February 7, 1986, plaintiff (appellee herein) filed an *unverified* complaint against Elizabeth Jacoby, her husband, Arthur B. Jacoby, and Joseph and Michelle Pavlico, alleging numerous violations of federal and state securities laws. Elizabeth Jacoby timely filed a *verified* answer in which she denied all the material allegations of the complaint.

At a deposition taken in the action before the bankruptcy judge on April 29, 1986, Elizabeth Jacoby, on the advice of her former counsel, refused to answer the questions asked of her by plaintiff's counsel and invoked the privilege against self incrimination under the Fifth Amendment to the United States Constitution. After the deposition, plaintiff made no motion to compel Ms. Jacoby to answer the deposition questions under Rule 37(a)(2) of the Federal Rules of Civil Procedure (Bankruptcy Rule 7037), and did not file a motion for sanctions under Rule 37(b).

Approximately six (6) weeks later, at a hearing on June 16, 1986, Ms. Jacoby testified fully about the case on direct and cross-examination. At that hearing she never invoked the Fifth Amendment privilege against self incrimination and she answered all questions asked of her, many of which were the same as or similar to the questions she had refused to answer at her earlier deposition. Her attorney made no objections on Fifth Amendment grounds to the questions being asked at the hearing and gave no indication that she wished to continue to invoke her Fifth Amendment privilege. The same counsel who had attended and participated in the earlier deposition on behalf of plaintiff and the bankruptcy trustee were also present and participated in the June 16 hearing.

On August 6, 1986, Ms. Jacoby's counsel withdrew. The next day, August 7, 1986, plaintiff filed a motion for summary judgment as to all claims asserted against Elizabeth Jacoby. On August 28, 1986, Elizabeth Jacoby, acting through her current counsel, filed a response to the plaintiff's motion for summary judgment and submitted Ms. Jacoby's affidavit in opposition to plaintiff's motion. Plaintiff moved to strike Ms. Jacoby's affidavit, asserting that Ms. Jacoby was estopped from submitting the affidavit because she had previously invoked her privilege against self incrimination. After the hearing, the bankruptcy court granted the motion to strike Ms. Jacoby's affidavit and granted summary judgment against her in the amount of $5,937.080. Ms. Jacoby took a timely appeal.

The able bankruptcy judge erred (a *rara avis* in his court) in granting the plaintiff's motion to strike Ms. Jacoby's affidavit in opposition to summary judgment and in his determination that the plaintiff was entitled to judgment against Ms. Jacoby as a matter of law.

*If* the June 16 hearing had been a proceeding in this specific adversary action, Ms. Jacoby's testimony would have clearly constituted a waiver of the Fifth Amendment privilege she previously asserted. She voluntarily took the witness stand and voluntarily answered all questions. Many of the questions were the same as or similar to the questions she had previously refused to answer. She subjected herself to examination by all counsel of record in the bankruptcy and adversary proceeding. *In re: Candor Diamond Corp.*, 42 B.R. 916, 920 (Bankr.S.D.N.Y.1984); *see also Brown v. United States*, 356 U.S. 148, 155–56, 78 S.Ct. 622, 626–27, 2 L.Ed.2d 589 (1958); *Klein v. Harris*, 667 F.2d 274, 287–88 (2d Cir.1981).

The bankruptcy court held that Ms. Jacoby's waiver of her privilege was ineffective because the June testimony was not given in this particular adversary action. Final Judgment and Decree Against Defendants Arthur Jacoby, Elizabeth Jacoby, Joseph Pavlico and Michelle Pavlico, October 24, 1986, at 7. Substantial legal authority supports the bankruptcy court's view that a waiver of the privilege against self-incrimination in one proceeding is not an effective waiver in another proceeding. *See e.g., United States v. James*, 609 F.2d 36 (2d Cir.1979); *United States v. Trejo-Zambrano*, 582 F.2d 460 (9th Cir.1978).

However, in these cases, and in others which hold ineffective a waiver in a separate proceeding, the concern of the court is to *protect* the *assertion* of the privilege in order to *preserve* an important constitutional right. Here, by contrast, a party who initially asserted the privilege does not seek to protect a constitutional right. This case does not present any substantial constitutionally-based rationale for a narrow construction of the waiver doctrine. Here, such a narrow construction is urged by plaintiff as a sword to exclude testimony offered by Ms. Jacoby, rather than as a shield by Ms. Jacoby to protect her constitutional right to remain silent in the face of possible criminal sanction. Plaintiff should not benefit from the exclusion of Ms. Jacoby's testimony on the basis of a waiver doctrine developed to protect her right to silence.

The exclusion of testimony is a harsh sanction. The Fifth Amendment right to remain silent is important; courts have excluded subsequent testimony, entered judg-

ment, or dismissed the silent party's case on the basis of a refusal to testify only as a last resort. In none of the cases cited to this court by plaintiff did the court exclude testimony or enter judgment or dismissal without first ordering the silent party to comply with an order entered under Rule 37 directing the party to respond to discovery or suffer specified consequences. *See Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir.1979); *Campbell v. Gerrans,* 592 F.2d 1054 (9th Cir.1979); *S.E.C. v. Cymaticolor Corporation,* 106 F.R.D. 545 (S.D.N.Y.1985); *Young Sik Woo v. Glantz,* 99 F.R.D. 651 (D.R.I.1983); *Jones v. B.C. Christopher & Co.,* 466 F.Supp. 213 (D.Kan.1979); *SEC v. American Beryllium & Oil Corporation,* 303 F.Supp. 912 (S.D.N.Y.1969).

Ms. Jacoby did not attempt to postpone her choice to waive her Fifth Amendment privilege until after discovery or until the trial of this action, as was the case in *SEC v. Cymaticolor Corp.,* 106 F.R.D. 545 (1985). The waiver occurred approximately six weeks after Ms. Jacoby had invoked her Fifth Amendment privilege and did not delay the trial or otherwise prejudice the plaintiff. Plaintiff made no effort to compel discovery under Rule 37 either before or after Ms. Jacoby's testimony on June 16, 1986, and made no effort to reschedule the deposition after it was clear from Ms. Jacoby's testimony at the hearing that she was waiving her privilege. Plaintiff had ample time before filing the motion for summary judgment to schedule another deposition or to proceed under Rule 37.

This court holds that Ms. Jacoby waived her Fifth Amendment privilege by her testimony on June 16, 1986, and that plaintiff had notice of her waiver by the presence of its counsel and their participation in questioning Ms. Jacoby at that hearing.

Plaintiff's motion to strike Ms. Jacoby's affidavit should not have been granted.

\* \* \* \* \* \*

■ Under Bankruptcy Rule 7056(a), summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. In determining whether these criteria are met, the court must view the record in the light most favorable to the party opposing the motion and indulge all inferences in favor of that party. *Young Sik Woo v. Glantz,* 99 F.R.D. 651 (D.R.I. 1983).

The plaintiff's showing that Ms. Jacoby was liable as a "controlling person" within the meaning of 15 U.S.C. § 77*o* was insufficient as a matter of law. Section 77*o* provides as follows:

Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency or otherwise, controls any person liable under sections 77k or 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

■ The complaint was unverified and, consequently, the allegations of the complaint could not be considered as facts on the motion for summary judgment. None of the affidavits filed in support of plaintiff's motion referred to Elizabeth Jacoby or any acts in which she allegedly participated except the following sentence from the affidavit of Timothy F. Finley:

At all times since the primary debtor Financial & Business Services was incorporated, defendant Elizabeth Jacoby has been the sole shareholder of Financial & Business Services.

Stock ownership alone is not a sufficient basis on which to find liability under the securities laws as a controlling person especially where, as here, the question of whether Ms. Jacoby had knowledge or reasonable grounds to believe in the existence of criminal acts has been put in issue by verified answer and by affidavit.

As stated in *SEC v. American Beryllium Oil Corp.,* 303 F.Supp. 912, 915 (S.D. N.Y.1969), "resolution of the issue of con-

trol depends upon a careful appraisal of the overall effect of the various relationships and other circumstances present in the particular case." This appraisal is a "factual determination" to be submitted to a jury. It involves judgments regarding "state of mind" and "reasonableness" standards traditionally left to juries. *See G.A. Thompson & Co. v. Partridge,* 636 F.2d 945, 958–59 (5th Cir.1981); *Cook v. Avien, Inc.,* 573 F.2d 685, 696–97 (1st Cir.1978).

■ Plaintiff urges on appeal that a person found to be a sole stockholder may be liable as a "controlling person" without any other evidence of knowledge or control. Plaintiff cites only one case to support that contention, but the case actually supports reversal of the judgment below. In that case, *San Francisco–Oklahoma Petroleum Exploration Corporation v. Carstan Oil Co., Inc.,* 765 F.2d 962 (10th Cir.1985), the court held that the sole stockholder was a controlling person within the meaning of 15 U.S.C. § 77o because the record contained evidence that the sole stockholder knew about and participated in the corporation's business activities. *Carstan Oil,* 765 F.2d at 964. Plaintiff has pointed to no other authority supporting its view that the sole stockholder status without more is sufficient to support a finding that defendant was liable as a controlling person. Nor has the court found any such authority.

Ms. Jacoby has asserted her lack of involvement in and knowledge of the unlawful acts alleged in the complaint, both in her verified answer and her affidavit responding to the motion for summary judgment. Both the verified answer and the affidavit raise substantial issues of fact. Additional issues of fact regarding whether Ms. Jacoby was a "controlling person" are raised by the following language in the affidavit of Timothy F. Finley submitted by the Plaintiff:

> Before I was appointed by the Court to assume control of Financial & Business Services and the other consolidated debtors, it is my understanding from talking with employees and customers that Defendants Arthur B. Jacoby and Joseph Pavlico exerted day-to-day control and management over each of the consolidated debtor entities and directly supervised and participated in the sales of promissory notes to the general public.

Viewed in the light most favorable to Ms. Jacoby, plaintiff's own affidavit raises substantially factual issues about whether Ms. Jacoby had any involvement in, knowledge of or control over the affairs of the bankrupt debtor.

IT THEREFORE ORDERED, ADJUDGED and DECREED that the Final Judgment and Decree of the United States Bankruptcy Court for the Western District of North Carolina, entering judgment against defendant Elizabeth Jacoby, is hereby reversed, and this case is remanded to the Bankruptcy Court for further proceedings not inconsistent with this order.