**UNITED STATES of America, Plaintiff,**

v.

**ALL FUNDS AND OTHER PROPERTY CONTAINED IN ACCOUNTS OF the UNITED STATES NATIONAL BANK OF OREGON, CITIZENS BRANCH, NOS. VOMINT342580 AND 020–6215–758, HELD IN the NAME OF TAN VOMINH and/or Thanh Hai Vominh, et al., in rem, Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN ARTICLES OF JEWELRY, GEMS AND GOLD, in rem, Defendants,**

and

**Hoa Thi Van and Thanh Hai Vominh, Claimants.**

**UNITED STATES of America, Plaintiff,**

v.

**MISCELLANEOUS ARTICLES OF JEWELRY, GEMS AND GOLD, in rem, Defendants,**

and

**Hoa Thi Van and Thanh Hai Vominh, Claimants.**

**Civ. Nos. 88–871–FR, 88–1109–FR and 89–69–FR.**

United States District Court, D. Oregon.

Jan. 5, 1990.

Charles H. Turner, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, Or., for plaintiff.

Norman Sepenuk, Stephen F. English, Loren D. Podwill, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for claimants Hoa Thi Van, Tan Vominh and Thanh Hai Vominh.

## OPINION

FRYE, District Judge:

The matters before the court are the claimants, Hoa Thi Van, Tan Vominh, and Thanh Hai Vominh's, motions for stays of proceedings (# 24, # 33 and # 88) in these three consolidated forfeiture cases.

## BACKGROUND

Plaintiff, United States of America, has filed three forfeiture actions which have been consolidated for the purpose of ruling

on motions for summary judgment: in *United States v. All Funds and Other Property*, Civil No. 88–871–FR, the United States seeks forfeiture of monies contained in bank accounts at six different financial institutions in the City of Portland, Oregon; and in *United States v. Certain Articles of Jewelry, Gems and Gold*, Civil No. 88–1109–FR, and in *United States v. Miscellaneous Articles of Jewelry, Gems and Gold*, Civil No. 89–69–FR, the United States seeks forfeiture of jewelry, gems and gold seized from two locations in the City of Portland, Oregon.

The United States contends that the monies, jewelry, gems and gold were obtained as a result of a marijuana importation and distribution business of Thomas Gerald Sherrett. Sherrett and others have been charged in a superseding indictment by a Grand Jury of the United States District Court for the Western District of Washington, Case No. CR 88–1896.

The United States believes that Tan Vominh and Thanh Hai Vominh are associates of Sherrett and a part of his criminal organization. Tan Vominh and Thanh Hai Vominh have not been indicted, but Assistant United States Attorney Charles Stuckey has stated that there are Grand Jury proceedings that may be pertinent to the Vominhs.

## CONTENTIONS OF THE PARTIES

Claimants argue that the threat of criminal prosecution precludes them from effectively defending against these forfeiture actions and against the pending motions for summary judgment; that in order to rebut the assertions of the government as to probable cause to support the forfeiture, they will have to testify by affidavit regarding their claims to the property; that they run the risk of waiving their fifth amendment rights against self-incrimination by revealing their claims to the property; and that a stay of these civil proceedings pending the resolution of the criminal investigation and criminal proceedings against them is necessary.

The government counters that a stay should not be granted because the claimants have not asserted their fifth amendment rights and no indictment has been handed down.

## ANALYSIS

A stay of forfeiture proceedings has been recognized by many courts as the appropriate means of resolving the conflicts that arise in civil forfeiture actions where there are ongoing criminal investigations or prosecutions. *United States v. Kordel*, 397 U.S. 1, 13 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970); *United States v. U.S. Currency*, 626 F.2d 11, 14–15 (6th Cir.1980). A claimant should not be forced to waive his right against self-incrimination in a criminal prosecution in order to satisfy his burden of proof in a civil forfeiture case. *Campbell v. Gerrans*, 592 F.2d 1054, 1057–58 (9th Cir.1979).

The United States seeks forfeiture on the basis that the defendant properties are the proceeds of criminal behavior. The United States admits that it is conducting criminal investigations into the criminal behavior of Hoa Thi Van, Tan Vominh, and Thanh Hai Vominh. The court is satisfied with the assertions of Tan Vominh and Thanh Hai Vominh that their defenses to these forfeiture proceedings may prejudice their fifth amendment rights in forthcoming criminal proceedings. A stay of civil forfeiture proceedings is commonly granted to the government pending the criminal prosecution of a claimant. The government does not argue that a stay would prejudice its criminal investigation or prejudice these forfeiture proceedings in the future. The court is satisfied that a stay will advance the interests of justice pending the completion of the ongoing criminal proceedings against them.

Hoa Thi Van, Tan Vominh, and Thanh Hai Vominh's motions for stays of proceedings (# 24, # 33 and # 88) are granted.