**In re David W. MURRAY, Debtor.**

**Stewart F. GROSSMAN, Plaintiff,**

v.

**David W. MURRAY, et al., Defendants.**

**Bankruptcy No. 89–12251–WCH.
Adv. Nos. 93–1224, 93–1375.**

United States Bankruptcy Court,
D. Massachusetts, E.D.

Dec. 16, 1993.

Richard J. Grahn, Melvin S. Hoffman, Seth Salinger, Neil D. Warrenbrand, Looney & Grossman, Boston, MA, for Stewart F. Grossman.

William S. Gannon, Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, NH, for David W. Murray.

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT DAVID MURRAY'S MOTION FOR STAY

WILLIAM C. HILLMAN, Bankruptcy Judge.

Stuart F. Grossman, trustee of The Murray Creditors' Trust ("Plaintiff"), brought these adversary proceedings alleging conversion, fraud, and fraudulent conveyance. The

items involved in the two matters differ somewhat as do the additional defendants. Plaintiff now seeks summary judgment under Fed.R.Civ.P. 56, made applicable to these proceedings by Fed.R.Bankr.P. 7056, in a motion accompanied by affidavits by various parties as to the elements of the complaints.

David W. Murray, debtor in the principal case ("Defendant"), responded, not with counter affidavits but with motions seeking a stay of the present adversary proceedings. The basis of the motions is that Defendant has been indicted by the United States for alleged offenses arising out of the same facts as are involved in these civil adversary proceedings and that, in order to preserve his privilege against self-incrimination in the criminal matters, it has been necessary for him to refuse to present possible defenses to the motion for summary judgment. He asks that these matters be stayed until the disposition of the criminal charges.

Defendant relies in significant part upon the leading case of *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084 (5th Cir.1979). In that matter Wehling, the plaintiff in a libel action, invoked his Fifth Amendment rights in response to a discovery request from the defendant. He believed himself to be the target of a grand jury investigation. Wehling requested that the action be stayed for three years until the statute of limitations would have run on any criminal charges which he feared would be brought against him.

The district court ordered Wehling to comply with the discovery request upon pain of dismissal of the action for failure so to do. When he persisted in asserting his privilege against self-incrimination, the action was dismissed.

On appeal, the decision was reversed. While the circuit court recognized that plaintiff's refusal to answer "deprived CBS of information concerning the accuracy of its broadcast and thus thwarted discovery of issues at the heart of plaintiff's lawsuit," 608 F.2d at 1086, it also "found no provision in the federal discovery rules which authorizes a court to impose sanctions on a party who resists discovery by asserting a valid claim of privilege." *Id.* at 1087.

It found that dismissal under the circumstances was constitutionally impermissible, but balanced the competing interests as follows:

"[A] civil plaintiff has no absolute right to both his silence and his lawsuit. Neither, however, does the civil defendant have an absolute right to have the action dismissed anytime a plaintiff invokes his constitutional privilege. When plaintiff's silence is constitutionally guaranteed, dismissal is appropriate only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to defendant."

*Id.* at 1088. The court stayed the action for three years, characterizing the result as undesirable from the standpoint of both the court and the defendant. It found that "permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and his lawsuit." *Id.* at 1089. *See also Stop & Shop Cos. v. Interstate Cigar Co.,* 110 F.R.D. 105 (D.Mass. 1986).

Of course, there are some significant differences between *Wehling* and the present case. *Wehling* was a plaintiff and the dispute involved discovery. Here the party claiming the privilege and the delay is the defendant, and the matter before the court is a dispositive motion for summary judgment.

The First Circuit has been sensitive to the problem, holding in forfeiture proceedings "the general principle that courts should strive to accommodate claimant's fifth amendment interests." *United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir. 1990), citing *Wehling* and other decisions. There is no decision of our circuit court directly in point.

However, the precise issue before us was faced by Judge Selya in his former life as a district court judge when he decided *Young Sik Woo v. Glantz,* 99 F.R.D. 651 (D.R.I. 1983). As he summarized the facts,

"This matter is before the court on plaintiffs' motion for summary judgment. ... Glantz had objected, but has filed no counter-statement of material facts, nor has he rebutted in kind the affidavits and kindred

materials proffered by the movants. Instead, he argues that invocation of his constitutional privilege against self-inculpation, asserted during pre-trial discovery, insulates him against the plaintiffs' Rule 56 thrust."

*Ibid.* The court was not initially receptive to the argument. Judge Selya pointed out that *Wehling* and related decisions were, as mentioned above, in the context of discovery. Noting that the Supreme Court has ruled that "the Fifth Amendment does not forbid adverse inference against parties to civil actions when they refuse to testify in response to probative evidence offered against them," quoting *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976), he concluded that "if such an inference can be drawn at trial, there is no substantial reason to forbid it in the paper trial contemplated by Rule 56," and held

"as a general proposition, that a claim of constitutional privilege against self-inculpation cannot in and of itself create a fact issue for summary judgment purposes, nor deny an opposing litigant access to the prophylaxis of Rule 56."

*Id.* at 653.

He then went on to deny the motion without prejudice, despite the absence of affidavits under Fed.R.Civ.P. 56(f),[1] because, notwithstanding the lack, "the court is not fully persuaded that facts contrary to those asserted by the plaintiffs are non-existent." *Id.* at 654.

 I agree with Judge Selya's general proposition, and have attempted to find any clue in the record to a possible defense which would allow me to follow his lead in going beyond the literal language of Rule 56(f). My quest was in vain.

However, the allegedly purloined goods are now in the hands of the Plaintiff and will not stray. Trial is scheduled for September, 1994. In my opinion there will be no significant harm to the Plaintiff if a decision is delayed on his motions.

For that reason, I shall not rule on the motions for summary judgment or stay at this time, but shall continue this hearing until October 19, 1994, at 9:30 A.M., at which time I will ask counsel to enlighten me as to the status of the criminal proceedings. Based upon that information, I shall make such decision as is meet and just and the circumstances of the case require. Defendant's motion to consolidate will also be heard at that time.

In the meantime, if the Plaintiff believes that the expense of holding the goods is excessive, or that Defendant has waived his constitutional rights by reason of the various pleading which have been filed in these adversary proceedings, I will entertain appropriate pleadings.

---

1. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or many or-

der a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f).